IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION



KENYA TEASLEY,  )
 ) **(Jury Trial Demanded)**
Plaintiff, )
v. )
 )
TYLER TECHNOLOGIES, INC., ABIGAIL ) 1:24-cv-629
DIAZ )
 )
Defendants. )

COMES NOW Plaintiff Kenya Teasley and states the following as her Complaint against Tyler Technologies, Inc. and Abigail Diaz, in her official capacity.

## JURISDICTION AND VENUE

1. Original subject matter jurisdiction in the Court is appropriate pursuant to 28 U.S.C. 1332, because the parties are diverse and the amount in controversy exceeds $75,000.

2. Under 28 U.S.C $1391(b), venue is proper in the United States District Court for the Middle District of North Carolina. A substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

3. Plaintiff Kenya Teasley is a citizen and resident of Durham County, North Carolina. The Plaintiff's state of residency is where all injuries occurred.

4. Defendant Tyler Technologies, Inc., is a corporation with its principal place of business located at 5101 Tennyson Parkway, Plano, TX 75024.

5. Defendant Abigail Diaz is the Chief Legal Officer for Tyler Technologies, Inc.

## FACTS

1. On April 29, 2024, Defendant Tyler Technologies, Inc. published false and libelous information (01CR045648-310 and 01CR045649-310) in an internet website portal they created called https://portal-nc.tylertech.cloud/Portal/Home, that accuses the Plaintiff of committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998, and that the offenses were disposed on October 17, 2001 in Durham County District Court, with a disposition hearing held on October 26, 2001, in Durham County District Court. Defendant Tyler Technologies Inc. also published that an arrest warrant was issued on April 17, 2001 for these crimes and that on October 17, 2001, the Plaintiff was indicted on related charges. All of this is a lie. In addition, the address listed for the Plaintiff in these files does not exist in Durham, NC. Even with putting a "D" at the end of "NORTHWOO", the address of 1023 NORTHWOOD does not exist in Durham, NC. Tyler Technologies, Inc. did not consult with the Durham County Clerk of Court, to confirm whether or not this information was true before publishing it in their internet website portal.

2. On April 29, 2024, the Plaintiff informed Tyler Technologies Inc., the information they published (01CR045648-310 and 01CR045649-310) that accuses the Plaintiff of committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998, and that the offenses were disposed on October 17, 2001 in Durham County District Court, with a disposition hearing held on October 26, 2001, in Durham County District Court, and an arrest warrant for these crimes being issued on April 17, 2001, along with the Plaintiff being indicted on related charges on October 17, 2001, was false and libelous. The Plaintiff asked Tyler Technologies,

2

Inc., to remove this false and libelous information from their internet website portal. Tyler Technologies, Inc. did not remove the false and libelous information from their internet website portal. Tyler Technologies, Inc. thinks this situation is cute.

3. On April 30, 2024, the Plaintiff made Defendant Abigail Diaz aware of the false and libelous information (01CR045648-310 and 01CR045649-310) published about her by Tyler Technologies, Inc., that accuses her of committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998, and that the offenses were disposed on October 17, 2001 in Durham County District Court, with a disposition hearing held on October 26, 2001, in Durham County District Court, and an arrest warrant for these crimes being issued on April 17, 2001, along with the Plaintiff being indicted on related charges on October 17, 2001, was false and libelous. The Plaintiff asked Abigail Diaz to remove this false and libelous information from the internet website portal created by Tyler Technologies, Inc. Defendant Abigail Diaz did not instruct Tyler Technologies, Inc. to remove the false and libelous information from the internet website portal created by Tyler Technologies, Inc. Abigail Diaz is not outside counsel for Tyler Technologies, Inc. Abigail Diaz is a Corporate Officer for Tyler Technologies, Inc., in a leadership role. Abigail Diaz thinks this situation is cute.

4. On May 1, 2024, Tyler Technologies, Inc. told the Plaintiff they needed to "coordinate with *__various__* teams outside of Tyler" to gather information related to the situation. Tyler Technologies, Inc. website states they may collect information about people from third parties and share the information. Tyler Technologies, Inc. came back on May 10, 2024, and tried to put the false and libelous publications,

(01CR045648-310 and 01CR045649-310) that accuses the Plaintiff of committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998, and that the offenses were disposed on October 17, 2001 in Durham County District Court, with a disposition hearing held on October 26, 2001, in Durham County District Court and an arrest warrant being issued on April 17, 2001 for these crimes, along with the Plaintiff being indicted on related charges on October 17, 2001, **_on_** the Durham County Clerk of Court Office. This is an outright lie for so many reasons. Disposition hearings are not held after a case is disposed. The Plaintiff has confirmed with the Durham County Clerk of Court Office that this information was never filed in any Durham County Court. The Plaintiff has confirmed with the Durham County Clerk of Court office that this information was never disposed of in any Durham County Court. The Plaintiff has confirmed with the Durham County Clerk of Court Office that this information was not published by Durham County Clerk of Court. Durham County Clerk of Court will be able to confirm all of this at trial. This false and libelous information has never existed in any North Carolina Judicial Court System and was not published by any North Carolina Clerk of Court. Whoever Tyler Technologies, Inc. collected these third party lies and gossip from, had enough sense to not be the one to publish the lies and gossip. This should have been an immediate red flag for Tyler Technologies, Inc.

5. On May 12, 2024, the Plaintiff made Ryan Boyce, Director of the North Carolina Administrative Office of the Courts, aware of this situation. If this false and libelous information had been published by the Durham County Clerk of Court Office, Ryan Boyce would have instructed the Durham County Clerk of Court Office, to remove

4

these false and libelous files from the internet. The North Carolina Administrative Office of the Courts provides legal support to all Courts in North Carolina. Durham County Clerk of Court does not have access permission to remove these file numbers (01CR045648-310 and 01CR045649-310) from the internet because they were never created for any filing in Durham County Court. These file numbers (01CR045648-310 and 01CR045649-310) are fictitious and made up.

6. The Plaintiff has made Tyler Technologies, Inc. aware of numerous false libelous files linked to her that are sitting in their internet website portal.

## COUNT ONE

### (NEGLIGENCE)

7. The Defendants owed a duty of care to the Plaintiff that ensured Tyler Technologies, Inc. was not publishing false and libelous information about her in the internet website portal created by Tyler Technologies, Inc.

8. The Defendants breached the duty of care owed to the Plaintiff when Tyler Technologies, Inc. published false and libelous information about her in the internet website portal created by Tyler Technologies, Inc.

9. The Defendants owed a duty of care to the Plaintiff that ensured they would remove any false and libelous information published by Tyler Technologies, Inc., about her in the internet website portal created by Tyler Technologies, Inc. This false and libelous information has been published online for 90 days and counting.

10. The Defendants breached the duty of care owed to the Plaintiff when they did not remove the false and libelous information published by Tyler Technologies, Inc., about her from the internet website portal created by Tyler Technologies, Inc.

11. As a proximate result of the Defendants' negligence, the Plaintiff has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss.

## COUNT TWO

### (GROSS NEGLIGENCE)

12. The Defendants owed a duty of care to the Plaintiff that ensured Tyler Technologies, Inc. was not publishing false and libelous information about her in the internet website portal created by Tyler Technologies, Inc.

13. The Defendants breached the duty of care owed to the Plaintiff when Tyler Technologies, Inc. published false and libelous information about her in the internet website portal created by Tyler Technologies, Inc.

14. The Defendants owed a duty of care to the Plaintiff that ensured they would remove any false and libelous information published by Tyler Technologies, Inc., about her in the internet website portal created by Tyler Technologies, Inc. This false and libelous information has been published online for 90 days and counting.

15. The Defendants breached the duty of care owed to the Plaintiff when they did not remove the false and libelous information published by Tyler Technologies, Inc., about her from the internet website portal created by Tyler Technologies, Inc.

16. As a proximate result of the Defendants' gross negligence, the plaintiff has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss.

17. The Defendants' actions were done in a manner that demonstrates a reckless disregard for the plaintiff's safety. As a result of the Defendants' conduct, the plaintiff is entitled to recover punitive damages.

## COUNT THREE

### (DEFAMATION - LIBEL PER SE)

18. Defendant Tyler Technologies, Inc. actions of publishing false and libelous information in their internet website portal, accusing the Plaintiff of committing an infamous crime involving moral turpitude, has subjected the Plaintiff to public disgrace and ridicule. This false and libelous information has been published online for 90 days and counting.

## COUNT FOUR

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

19. The Defendants' actions represent extreme and outrageous conduct. This false and libelous information has been published online for 90 days and counting. Defendant Tyler Technologies, Inc. actions of publishing false and libelous information in their internet website portal, accusing the Plaintiff of committing an infamous crime involving moral turpitude, has subjected the Plaintiff to public disgrace and ridicule.

20. As a proximate result of the Defendants' actions, the Plaintiff has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss.

21. The Defendants' actions were done intentionally, maliciously, willfully, wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's safety. As a result of the Defendants' conduct, the plaintiff is entitled to recover punitive damages.

## PRAYER FOR RELIEF

1. That the Court enter judgment in favor of Plaintiff and against the Defendants for an award of compensatory damages in the amount of one hundred billion dollars.
2. That the Court enter judgment in favor of Plaintiff and against the Defendants for an award of punitive damages in an amount to be determined by a jury.
3. That the cost of this action be taxed against the Defendants.
4. An award of pre-judgment and post judgment interest in favor of the Plaintiff and against the Defendants.
5. That the Court grant the plaintiff a trial by a jury.

This the 25th day of July, 2024.

Kenya Teasley

100 Tobler Court Apt 205

Durham, NC 27704

*plaintiff*