# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:24-cv-00629-CCE-JLW

KENYA TEASLEY,

        Plaintiff,

    v.

TYLER TECHNOLOGIES, INC.; and
ABIGAIL DIAZ,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TYLER TECHNOLOGIES, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ............................................................................... 1

BACKGROUND ................................................................................. 2

LEGAL STANDARD .......................................................................... 3

ARGUMENT ..................................................................................... 3

I.     The Complaint Does Not Plausibly Allege a Libel Per Se Claim............4

     A.    Plaintiff has not alleged a statement that is libel per se. .............4

     B.    Plaintiff has not alleged the necessary elements of a libel per se claim. ....................................................................7

II.    Plaintiff Fails to Plausibly Allege a Claim for Intentional Infliction of Emotional Distress. ........................................... 10

III.   Plaintiff Cannot Repackage Her Failed Libel Per Se Claim as Negligence or Gross Negligence. ............................................ 13

     A.    Plaintiff's negligence and gross negligence claims fail as a matter of law because they are repackaged defamation claims.................................................................... 14

     B.    Plaintiff has not adequately pleaded injury or causation, both required elements of a negligence claim. ........................... 15

     C.    Plaintiff has not pleaded the more demanding elements of a gross negligence claim. ................................................. 17

IV.   Plaintiff's Claims are Barred by the Absolute Immunity Privilege..... 19

V.    Tyler Has Immunity from Suit for Information Published on eCourts Under the Communications Decency Act................................ 21

CONCLUSION................................................................................. 22

-i-

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................passim

*Bouvier v. Porter*,
   386 N.C. 1, 900 S.E.2d 838 (2024) ......................................................... 19, 20

*Broughton v. McClatchy Newspapers, Inc.*,
   161 N.C. App. 20, 588 S.E.2d 20 (2003) ...................................................... 4, 5

*Capps v. United States*,
   No. 7:15-cv-130-FL, 2016 WL 1169466 (E.D.N.C. Mar. 22, 2016).............. 18

*Clark v. Clark*,
   280 N.C. App. 384, 867 S.E.2d 743 (2021) ................................................... 11

*Cullen v. Logan Devs., Inc.*,
   289 N.C. App. 1, 887 S.E.2d 455, *rev. on other grounds*,
   2024 WL 3909418 (N.C. Aug. 23, 2024) ....................................................... 17

*Derwort v. Polk Cnty.*,
   129 N.C. App. 789, 501 S.E.2d 379 (1998) ................................................... 14

*Dickens v. Puryear*,
   302 N.C. 437, 276 S.E.2d 325 (1981)............................................................ 10

*Dobson v. Harris*,
   134 N.C. App. 573, 521 S.E.2d 710 (1999), *rev'd on other grounds*,
   352 N.C. 77, 530 S.E.2d 829 (2000).............................................................. 12

*Donovan v. Fiumara*,
   114 N.C. App. 524, 442 S.E.2d 572 (1994) ..................................................... 5

*EEE ZZZ Lay Drain Co. v. Lakeland Ledger Pub. Corp.*,
   No. 199-cv-145-T, 2000 WL 33422618 (W.D.N.C. Feb. 8, 2000) ............ 14, 15

*Estate of Long by and through Long v. Fowler*,
   270 N.C. App. 241, 841 S.E.2d 290 (2020) ............................................ 14, 17

Case 1:24-cv-00629-CCE-JLW   Document 10   Filed 09/13/24   Page 3 of 31

*Eubanks v. State Farm Fire & Cas. Co.,*
  126 N.C. App. 483, 485 S.E.2d 870, *disc. review denied,*
  347 N.C. 265, 493 S.E.2d 452 (1997) ............................................................. 11

*Food Lion, Inc. v. Capital Cities/ABC, Inc.,*
  194 F.3d 505 (4th Cir.1999) ................................................................... 9, 14, 15

*Greene v. Mullis,*
  829 F. App'x 604 (4th Cir. 2020) ...................................................................... 6

*Griffin v. Holden,*
  180 N.C. App. 129, 636 S.E.2d 298 (2006) .................................................. 6, 7

*Harris v. NCNB,*
  85 N.C. App. 669, 355 S.E.2d 838 (1987) ...................................................... 19

*Hill v. StubHub, Inc.,*
  219 N.C. App. 227, 727 S.E.2d 550 (2012) .................................................... 22

*Hogan v. Forsyth Country Club Co.,*
  79 N.C. App. 483, 340 S.E.2d 116 (1986) ...................................................... 12

*Johnson v. Town of Smithfield,*
  No. 5:23-cv-349-D, 2024 WL 1336466 (E.D.N.C. Mar. 28, 2024) .............. 7, 8

*Jolly v. Acad. Collection Serv., Inc.,*
  400 F. Supp. 2d 851 (M.D.N.C. 2005) ............................................................. 7

*Kelly v. United States,*
  No. 7:10-cv-172-FL, 2014 WL 4098943 (E.D.N.C. Aug. 18, 2014) .............. 17

*Lamb v. Styles,*
  263 N.C. App. 633, 824 S.E.2d 170 (2019) .................................................... 15

*McDaniel v. Liberty Mut. Ins. Co.,*
  No. 3:21-cv-00610-FDW-DSC, 2023 WL 320962
  (W.D.N.C. Jan. 19, 2023) ............................................................................... 18

*McKinney v. Avery J., Inc.,*
  99 N.C. App. 529, 393 S.E.2d 295 (1990) ........................................................ 7

*Miller v. Brooks,*
  123 N.C. App. 20, 472 S.E.2d 350 (1996) ...................................................... 12

iii

*Moschos v. Moschos*,
    287 N.C. App. 162, 882 S.E.2d 401 (2022) .................................................... 13

*N.C. Mut. Life Ins. Co. v. Stamford Brook Cap., LLC*,
    No. 1:16-cv-1174, 2019 WL 4739539 (M.D.N.C. Sept. 27, 2019) ................ 19

*Norton v. Scotland Mem'l Hosp., Inc.*,
    250 N.C. App. 392, 793 S.E.2d 703 (2016) ............................................ 10, 11

*Painter's Mill Grille, LLC v. Brown*,
    716 F.3d 342 (4th Cir. 2013) ........................................................................ 3

*Philips v. Pitt Cnty. Mem'l Hosp.*,
    572 F.3d 176 (4th Cir. 2009) ........................................................................ 6

*Phillips v. LCI Int'l, Inc.*,
    190 F.3d 609 (4th Cir. 1999) .................................................................... 3, 8

*Piro v. McKeever*,
    245 N.C. App. 412, 782 S.E.2d 367 (2016) ............................................ 12, 13

*R. H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*,
    270 N.C. 160, 154 S.E.2d 344 (1967) ...................................................... 19, 20

*Renwick v. News & Observer Pub. Co.*,
    310 N.C. 312, 312 S.E.2d 405 (1984) ........................................... 4, 5, 6, 7, 9

*Teasley v. O'Brien*,
    No. 1:24-cv-00155, ECF No. 12 (M.D.N.C. May 23, 2024) .......................... 16

*Turner v. Thomas*,
    369 N.C. 419, 794 S.E.2d 439 (2016) ........................................................ 11

*Tyson v. L'Eggs Prods., Inc.*,
    84 N.C. App. 1, 351 S.E.2d 834 (1987) ...................................................... 7

*Ward v. Jett Properties, LLC*,
    202 N.C. App. 375, 690 S.E.2d 767, 2010 WL 346459 (2010) .................. 5, 7

*Williamson v. Liptzin*,
    141 N.C. App. 1, 539 S.E.2d 313 (2000) .................................................... 15

Case 1:24-cv-00629-CCE-JLW   Document 10   Filed 09/13/24   Page 5 of 31

*Winter v. Bassett*,
   No. 1:02-cv-00382, 2003 WL 27382038 (M.D.N.C. Aug. 22, 2003),
   *aff'd*, 157 F. App'x 653 (4th Cir. 2005) ........................................................ 22

*Zeran v. Am. Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997) ........................................................................ 22

**Statute**

47 U.S.C. § 230 ...................................................................................................... 21

N.C. Gen. Stat. § 7A-109 ................................................................................passim

**Other Authority**

N.C.P.I.-CIVIL 806.50 (adopted June 2021) ...................................................... 7

Case 1:24-cv-00629-CCE-JLW   Document 10   Filed 09/13/24   Page 6 of 31

## INTRODUCTION

Plaintiff claims that Tyler Technologies, a publicly-traded S&P 500 company, and its Chief Legal Officer Abigail Diaz have intentionally invented two fictious criminal charges against an individual with whom they have no connection and published that information on the eCourts software that the North Carolina court system licenses from Tyler. At no point does Plaintiff explain why Tyler or Diaz would do this. In reality, Tyler does not publish any information on the eCourts system; rather, court staff inputs information into the system. The eCourts system is the official court records system for North Carolina, and these criminal files are part of those official records.

Plaintiff's Complaint should be dismissed on the pleadings because she has no plausible allegations to support any of her four causes of action. First, Plaintiff's libel per se claim fails because the alleged statements are not libel per se, are not false, and were not made or published by Tyler or Diaz. Second, Plaintiff has no claim for intentional infliction of emotional distress because she has not alleged extreme or outrageous conduct, intent, and severe emotional distress, all of which are required elements. Third, Plaintiff's claims for negligence and gross negligence fail because Plaintiff cannot repackage her libel claims as negligence claims, and Plaintiff does not plead the required elements of either claim. Fourth, Plaintiff's claims, which are based on statements made in connection with judicial proceedings, are

barred by the absolute immunity privilege. Finally, Plaintiff's claims are preempted by the Communications Decency Act.

Plaintiff's Complaint should be dismissed with prejudice.

## BACKGROUND

Tyler is a software company that has licensed certain software to the North Carolina courts system. What the Complaint refers to as "an internet website portal" is an "eCourts" software package, including a case-management system and a software application for requesting and processing warrants. Compl. at 2, ¶ 1.[1]

Under North Carolina law, court clerks are responsible for maintaining official court records. *See* N.C. Gen. Stat. § 7A-109. The files on the North Carolina eCourts software are the official court records. *See* Declaration of Aminah Thompson, the Clerk of Superior Court for Durham County at ¶ 16, attached as Exhibit 1.

On or about April 29, 2024, Plaintiff contacted counsel for Tyler and claimed that Tyler had defamed Plaintiff because the eCourts system reflected two criminal cases involving Plaintiff that have 2001 case numbers. Compl. at 2, ¶¶ 1-2. Plaintiff sent multiple emails on April 29, April 30, and May 1, to counsel for Tyler, Defendant Abigail Diaz (Tyler's Chief Legal

---

[1] The Complaint paragraphs are numbered 1 to 5 on page 1, and then restart at paragraph 1 on page 2.

2

Officer), Ryan Boyce (Director of the North Carolina Administrative Office of the Courts), and Corrine Lusic (legal counsel for the North Carolina Judicial Branch). *Id.* at 2-4, ¶¶ 1-4. All told, Plaintiff sent counsel for Tyler more than <u>forty</u> emails between April 29 and the filing of the Complaint in late July. A sampling of those emails is provided as Exhibit 2.[2]

Plaintiff filed her Complaint on July 26, 2024, raising various legal claims against Tyler and Diaz based on the presence of the two criminal case files in the eCourts system. Compl. at 5-9. This motion follows.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is warranted if a complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "It is now well established that mere conclusory and speculative allegations are not sufficient to withstand a motion to dismiss." *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

## ARGUMENT

At its core, the Complaint alleges that "false and libelous information" was placed on the eCourts system, causing Plaintiff to suffer some

---

[2] The Complaint refers to and relies on these emails, and Plaintiff does not challenge their authenticity, meaning that the Court can consider them on a Rule 12(b)(6) motion. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

3

unspecified and non-detailed injury that entitles her to 100 billion dollars.
*E.g.*, Compl. at 5, ¶ 6; *see also id.* at 2-5, ¶¶ 1-5.  But there are no well-pleaded allegations that would support a claim for libel per se, and Plaintiff's attempt to repackage her libel claims under different torts also fails.

## I.     The Complaint Does Not Plausibly Allege a Libel Per Se Claim.

In only one paragraph of the Complaint, Plaintiff brings a claim for "Defamation-Libel Per Se."  Compl. at 7, ¶ 18.  But Plaintiff does not allege a statement that is libel per se as a matter of law.  And, even if she had, Plaintiff does not plausibly allege necessary elements of a libel per se claim.

### A.     Plaintiff has not alleged a statement that is libel per se.

Plaintiff's claim fails first because she has not alleged a statement that is libel per se as a matter of law.

Whether a statement is libel per se is a question of law to be decided by the Court.  *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 26, 588 S.E.2d 20, 26 (2003).  Under North Carolina law, a libel per se is a "publication … which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace."  *Renwick v.*

4

*News & Observer Pub. Co.*, 310 N.C. 312, 317–18, 312 S.E.2d 405, 408–09 (1984) (affirming order granting a 12(b)(6) motion).

"Defamatory words to be libelous per se must be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." *Id.* (cleaned up); *see also Broughton*, 161 N.C. App. at 26, 588 S.E.2d at 26. North Carolina courts "consistently set a high threshold for plaintiffs attempting to allege libel per se." *Ward v. Jett Properties, LLC*, 202 N.C. App. 375, 690 S.E.2d 767, 2010 WL 346459, at *4 (2010) (affirming order granting a 12(b)(6) motion).

The "statement" about which Plaintiff complains is information on the eCourts system regarding two criminal case files that charged her with obtaining property under false pretenses. Compl. at 2, ¶ 1. This is not libel per se as a matter of law. Even viewed in the light most favorable to Plaintiff, this is not a statement that Plaintiff *committed* this crime, only that she was *charged* with a crime. A statement that someone has been charged with a crime does not constitute libel per se because the "law contemplates that in order to be actionable per se a false statement must impute that a person *is guilty* of a punishable offense." *Donovan v. Fiumara*, 114 N.C. App. 524, 531, 442 S.E.2d 572, 576–77 (1994) (emphasis added).

5

Here, as the Complaint alleges, the very records to which Plaintiff points state that "the offenses were disposed of" and the charges were dismissed. Compl. at 2, ¶ 1. The official court records, of which this Court can take judicial notice, show that the disposition was "Dismissals w/o Leave by DA – No Plea Agreement." Ex. 1, ¶ 16, Exhibit B and C.[3] There is nothing listed about a plea, a conviction, or any sentence. In contrast, other criminal cases involving Plaintiff expressly state that there was a guilty plea and a conviction. Ex. 3 at 3-4, 6-7, 10. At best for Plaintiff, then, the records state only that Plaintiff was charged with a crime, perhaps wrongly, not that she actually committed a crime. They are not statements "susceptible of but one meaning" that Plaintiff "has committed an infamous crime." *Renwick*, 310 N.C. at 317, 312 S.E.2d at 408.

North Carolina courts have held that even if statements are "potentially defamatory in that they imply some level of impropriety," statements are not libel per se unless they are "of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." *Griffin v. Holden*, 180 N.C. App. 129, 134-35, 636

---

[3] In reviewing a 12(b)(6) motion, the Court make take judicial notice of matters of public record, including judicial records like court orders, dockets and filings. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Greene v. Mullis*, 829 F. App'x 604, 605 (4th Cir. 2020).

6

S.E.2d 298, 303 (2006); *Renwick*, 310 N.C. at 317, 312 S.E.2d at 408. These statements Plaintiff points to—ministerial entries in official court records—fall short of this high hurdle.

### B. Plaintiff has not alleged the necessary elements of a libel per se claim.

Dismissal of the libel per se claim is appropriate for an additional, independent reason—the Complaint does not allege facts needed to support the claim.

To prevail, Plaintiff must allege and prove that: (1) Tyler made a statement; (2) Tyler published the statement to third parties; (3) the statement was false; and (4) at the time of publication, Tyler knew or should have known the statement was false. *Ward*, 2010 WL 346459, at *3; *McKinney v. Avery J., Inc.*, 99 N.C. App. 529, 533, 393 S.E.2d 295, 297 (1990); *Tyson v. L'Eggs Prods., Inc.*, 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987); *see also* N.C.P.I.-CIVIL 806.50 (adopted June 2021). Plaintiff must allege all four elements, and her Complaint fails on each one.

First, Plaintiff has not plausibly alleged that the challenged statements were false, much less that Tyler knew the statements were false. A plaintiff cannot merely allege falsity in vague and conclusory terms. *E.g.*, *Jolly v. Acad. Collection Serv., Inc.*, 400 F. Supp. 2d 851, 862 (M.D.N.C. 2005); *Johnson v. Town of Smithfield*, No. 5:23-cv-349-D, 2024 WL 1336466, at *29

7

(E.D.N.C. Mar. 28, 2024).  Here, all Plaintiff has done is make conclusory allegations that the information about these criminal cases is "false" or a "lie."  Compl. at 2, ¶ 1.[4]  A bare statement that a judicial record is false without any supporting factual allegations does not satisfy basic pleading requirements.  *See Iqbal*, 556 U.S. at 678.  If Plaintiff's allegations were sufficient, any individual could assert a libel per se claim by simply stating that a criminal record is false.

Tellingly, Plaintiff does *not* allege that she was not charged with these crimes.  Indeed, in one of the many emails Plaintiff relies on in her Complaint, Plaintiff did not challenge that the files existed, instead arguing that the files "were destroyed/expunged almost ten years ago" and that "[a]n expungement allows a person to deny anything related to the charges." Ex. 2 at 8.[5]

Nor could Plaintiff allege this.  Under North Carolina law, the Clerk of Court is charged with maintaining the official records of cases.  *See* N.C. Gen. Stat. § 7A-109.  As the attached affidavit from the Durham County Clerk of Court affirms, the files in the North Carolina eCourts system are the official

---

[4] Although Plaintiff also alleges that the address listed on the criminal records is incorrect, she does not (and cannot) allege that a mistaken street address is libel per se.

[5] The Court may consider this email, on which the Plaintiff relies in her Complaint, on a Rule 12(b)(6) motion. *Phillips*, 190 F.3d at 618.

court records.  Ex. 1, ¶ 16.  As such, the official court records of North Carolina, of which the Court can take judicial notice, show that Plaintiff was charged with these offenses, and the matters were disposed.

Truth is a complete defense to a defamation claim.  *See Food Lion, Inc. v. Capital Cities/ABC, Inc.,* 194 F.3d 505, 522 (4th Cir.1999); *Renwick*, 310 N.C. at 327, 312 S.E. 2d at 405 (same).  Here, Plaintiff cannot allege falsity based on an email she relies on in her Complaint and the official North Carolina court records.

Two, even assuming Plaintiff could allege falsity, the Complaint does not (and cannot) allege that Tyler knew or should have known the information was false.  There are hundreds of thousands of court records in the North Carolina system, not to mention all the other court systems for which Tyler provides software.  It is the court clerks that have the legal obligation under North Carolina law to maintain court records.  *See* N.C. Gen. Stat. § 7A-109; Ex. 1, ¶¶ 3, 7.  Plaintiff points to no statutory obligation of Tyler to confirm the accuracy of every piece of information in the hundreds of thousands of court files in North Carolina and the other states in which Tyler's software is used for court recordkeeping.  And Plaintiff has no specific, supported allegation that Tyler somehow knew that these two specific court files were false.  As such, Plaintiff cannot plead this necessary element of her libel per se claim.

9

Three, Plaintiff cannot plausibly allege that Tyler made or published the allegedly false statement. Under North Carolina law, the clerk of court has the legal obligation to maintain court records and make them available to the public. N.C. Gen. Stat. § 7A-109. Here, the Durham County Clerk of Court and her staff did just that. Ex. 1, ¶ 3. The fact that the North Carolina court system and the Durham County clerk used Tyler software to provide this information does not make Tyler the author or publisher of the statements, any more so than Microsoft is the author or publisher of a statement written using Microsoft Word. Plaintiff's Complaint contains no well-pleaded allegations that Tyler—as opposed to Tyler's customers, like court staff—either wrote or published the statements. This deficiency provides another independent basis to dismiss the libel per se claim.

## II. Plaintiff Fails to Plausibly Allege a Claim for Intentional Infliction of Emotional Distress.

To state a claim for intentional infliction of emotional distress ("IIED"), a plaintiff must allege: (1) extreme and outrageous conduct, (2) which is intended to cause and does cause, (3) severe emotional distress. *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981). Plaintiffs face a "high threshold" to establish that conduct meets this standard. *Norton v. Scotland Mem'l Hosp., Inc.*, 250 N.C. App. 392, 398, 793 S.E.2d 703, 708 (2016) (cleaned up). The Complaint fails on all three elements.

10

First, Plaintiff does not allege extreme and outrageous conduct. "Extreme and outrageous conduct" is conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Clark v. Clark*, 280 N.C. App. 384, 397, 867 S.E.2d 743, 754 (2021). "[T]he initial determination of whether conduct is extreme and outrageous is a question of law for the court." *Norton*, 250 N.C. App. at 398, 793 S.E.2d at 708.

The conduct alleged is that Tyler "publish[ed] false and libelous information" on eCourts. Compl. at 7, ¶ 19. As described in Section I, Plaintiff's libel claim fails as a matter of law, and she cannot repackage it as a claim for IIED.

But even if Plaintiff could do so, the alleged conduct does not meet the "high threshold" for extreme and outrageous conduct needed for an IIED claim. North Carolina courts have held that conduct was extreme and outrageous when: law enforcement fraudulently manipulated evidence to convict an innocent defendant of murder, *Turner v. Thomas*, 369 N.C. 419, 428, 794 S.E.2d 439, 446 (2016); a defendant solicited the commission of murder, *Eubanks v. State Farm Fire & Cas. Co.,* 126 N.C. App. 483, 487, 485 S.E.2d 870, 872, *disc. review denied,* 347 N.C. 265, 493 S.E.2d 452 (1997); or a defendant broke into plaintiff's house and installed hidden video cameras,

11

*Miller v. Brooks*, 123 N.C. App. 20, 30, 472 S.E.2d 350, 356 (1996). In

contrast, conduct that does not meet this threshold includes a defendant

making an exaggerated report of child abuse to the Department of Social

Services, *Dobson v. Harris,* 134 N.C. App. 573, 578–579, 521 S.E.2d 710, 715

(1999), *rev'd on other grounds,* 352 N.C. 77, 530 S.E.2d 829 (2000), or refusing

to allow a pregnant employee to leave to go to the hospital, *Hogan v. Forsyth*

*Country Club Co.,* 79 N.C. App. 483, 491, 494, 340 S.E.2d 116, 122, 123

(1986).

An allegation of publishing information about two criminal cases does

not meet this high threshold. Because the conclusory allegations of the

Complaint fail to plausibly allege any "atrocious, and utterly intolerable"

conduct, Plaintiff's claim fails on this ground. *See Piro v. McKeever*, 245 N.C.

App. 412, 419, 782 S.E.2d 367, 372 (2016).

Second, the Complaint contains no plausible allegation of intent. The

Complaint's only attempt on this point is a conclusory statement that

"Defendants' actions were done intentionally, maliciously, willfully,

wantonly, or in a manner that demonstrates a reckless disregard for

Plaintiff's safety." Compl. at 8, ¶ 21. Such a conclusory allegation, without

any factual support, is insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Plaintiff has no allegation or explanation as to why Tyler would intend to

cause severe emotional distress for an individual in Durham with which it

12

has no connection. Nor would Tyler have any reason to believe that the existence of official court records on the eCourts system would cause severe emotional distress. *See Piro*, 245 N.C. App. at 419, 782 S.E.2d at 372 (dismissing complaint when the plaintiff failed to assert any facts that defendant "knew or had a substantial certainty plaintiff would suffer severe emotional distress as a result of" defendant's conduct).

Finally, the Complaint does not plausibly allege that Plaintiff suffered severe emotional distress. Again, the Complaint contains nothing more than conclusory statements. Compl. at 7, ¶ 20. The Complaint does not identify any recognized or diagnosed emotional or mental condition. And the Complaint contains no factual allegations about the severity, manner, or type of emotional distress Plaintiff allegedly suffered. Dismissal is proper when the complaint fails "to identify a severe and disabling emotional or mental condition which may be generally recognized and diagnosed." *Moschos v. Moschos*, 287 N.C. App. 162, 166, 882 S.E.2d 401, 404 (2022).

## III. Plaintiff Cannot Repackage Her Failed Libel Per Se Claim as Negligence or Gross Negligence.

Plaintiff also tries to repackage her libel claim into separate claims for negligence and gross negligence. But North Carolina law does not allow a libel claim to be brought as a negligence claim. And Plaintiff cannot plead the necessary elements of either negligence or gross negligence in any event.

13

**A. Plaintiff's negligence and gross negligence claims fail as a matter of law because they are repackaged defamation claims.**

Plaintiff's claims for negligence and gross negligence are based on claims that Tyler "published false and libelous information" about Plaintiff. Compl. at 5, ¶ 8; *see also id.* at 5, ¶¶ 7-9; 6, ¶¶ 12-14. These are the same allegations Plaintiff makes for her libel per se claim. But "a party who claims its reputation has been damaged by a false statement cannot circumvent the strictures of the law of defamation by labeling its action as one for negligence." *EEE ZZZ Lay Drain Co. v. Lakeland Ledger Pub. Corp.*, No. 199-cv-145-T, 2000 WL 33422618, at *4 (W.D.N.C. Feb. 8, 2000) (cleaned up). The Court in *EEE ZZZ Lay Drain* dismissed plaintiff's claims for negligence and gross negligence that were "fall-back positions" for plaintiff's claim for libel per se (which also failed). *Id.*; *see also Food Lion, Inc.,* 194 F.3d at 522. The same is true here. Plaintiff cannot repackage her failed libel per se claim as one for negligence or gross negligence.

In particular, Plaintiff cannot plead the element of duty that is needed for both a negligence and a gross negligence claim. *Derwort v. Polk Cnty.*, 129 N.C. App. 789, 791, 501 S.E.2d 379, 381 (1998); *Estate of Long by and through Long v. Fowler*, 270 N.C. App. 241, 253, 841 S.E.2d 290, 299 (2020). The only "duty" that Plaintiff alleges is "a duty of care to the Plaintiff that ensured Tyler Technologies Inc. was not publishing false or libelous

14

information" or "would remove any false and libelous information." Compl. at 5, ¶¶ 7, 9; *see also id.* at 6, ¶¶ 12, 14. But this is no different from Plaintiff's libel per se claim. Plaintiff alleges no other duty allegedly breached by Tyler. Plaintiff cannot avoid the requirements of a libel per se claim by relabeling the claim as negligence or gross negligence. *See EEE ZZZ Lay Drain Co.*, 2000 WL 33422618, at *4; *Food Lion*, 194 F.3d at 522.

### B. Plaintiff has not adequately pleaded injury or causation, both required elements of a negligence claim.

Plaintiff's negligence claim also fails because she does not adequately allege the required elements of injury or causation. *Lamb v. Styles*, 263 N.C. App. 633, 645, 824 S.E.2d 170, 179 (2019); *Williamson v. Liptzin*, 141 N.C. App. 1, 10, 539 S.E.2d 313, 319 (2000).

The Complaint contains no well-pleaded allegations of harm due to the alleged actions of Tyler. Instead, the Complaint contains only conclusory allegations that "Plaintiff has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss." Compl. at 6, ¶¶ 11, 16. Such conclusory allegations are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff does not allege any details about the alleged medical treatment that she supposedly underwent in the 90 days between when the eCourts system went live and when the Complaint was filed. Nor does she detail what employment or contract she supposedly had,

15

and lost, in this same 90-day period, much less the amount of money she supposedly lost. Plaintiff's claim for "compensatory damages in the amount of one hundred billion dollars," Compl. at 9, certainly calls into question the veracity of any injury. Without well-pleaded allegations of injury, Plaintiff cannot state a claim.

Equally important, the Complaint contains no well-pleaded allegations tying any alleged harm to conduct by Tyler. Even if Plaintiff incurred medical expenses or lost employment income (and Tyler does not concede this), there could be many reasons for this unrelated to Tyler or eCourts. Plaintiff has made other public statements that could have negatively impacted her. Indeed, Plaintiff has filed no fewer than twenty-six civil cases in the state and federal courts of North Carolina, *see* Ex. 4; Ex. 5, which has resulted in an Order of this Court warning Plaintiff about filing baseless litigation. *See Teasley v. O'Brien*, No. 1:24-cv-00155, ECF No. 12 (M.D.N.C. May 23, 2024). Absent well-pleaded allegations tying the existence of these two court records with any alleged injury, Teasley cannot state a claim.

Moreover, under North Carolina law, it is the clerks of court that maintain official court records, including Plaintiff's criminal record—not Tyler. *See* N.C. Gen. Stat. § 7A-109; Ex. 1, ¶¶ 3, 7. As a software vendor, Tyler has no control over the existence or content of the official court records posted to the eCourts website. In any event, the records Plaintiff complains

16

about are official court records.  Ex. 1, ¶ 16.  Neither Tyler (nor anyone else) could have acted negligently or caused Plaintiff harm by including official court records in the eCourts system.  If Plaintiff believes these files are erroneously attributed to her, she can seek to have those records removed through the proper channels.  But she does not have a negligence claim against Tyler.

### C. Plaintiff has not pleaded the more demanding elements of a gross negligence claim.

To state a claim for gross negligence, a plaintiff must plausibly allege all the elements of ordinary negligence.  *Estate of Long*, 270 N.C. App. at 253; 841 S.E.2d at 299.  Because Plaintiff's negligence claim fails, her gross negligence claim also fails.

The gross negligence claim also fails for independent reasons.  A gross negligence claim requires allegations that the defendant acted with "wanton conduct done with conscious or reckless disregard for the rights and safety of others."  *Id.* at 253, 841 S.E.2d at 299.  This is a "high threshold for liability," *Cullen v. Logan Devs., Inc.*, 289 N.C. App. 1, 11, 887 S.E.2d 455, 462, *rev. on other grounds*, 2024 WL 3909418 (N.C. Aug. 23, 2024), and dismissal is appropriate when a plaintiff "fails to plausibly allege the defendants acted with the requisite mental state."  *Kelly v. United States*, No. 7:10-cv-172-FL, 2014 WL 4098943, at *3 (E.D.N.C. Aug. 18, 2014).

17

Plaintiff's Complaint fails to satisfy this high threshold. Again, the Complaint contains only a conclusory allegation that "Defendants' actions were done in a manner that demonstrates a reckless disregard for the plaintiff's safety." Compl. at 7, ¶ 17. This type of conclusory allegation is insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *accord McDaniel v. Liberty Mut. Ins. Co.*, No. 3:21-cv-00610-FDW-DSC, 2023 WL 320962, at *8-9 (W.D.N.C. Jan. 19, 2023) (dismissing gross negligence claim when complaint contained insufficient factual allegations that defendant acted with requisite mental state). Plaintiff provides no details that would support a claim that Tyler engaged in wanton conduct done with conscious or reckless disregard for the rights or safety of others.

Moreover, Plaintiff's allegations are legally inconsistent with a claim of gross negligence. The Complaint contains no well-pleaded allegations that Tyler knew any of the information in the criminal files was false. Gross negligence requires factual allegations that a defendant acted with "a *conscious* disregard of the safety of others." *Capps v. United States*, No. 7:15-cv-130-FL, 2016 WL 1169466, at *3 (E.D.N.C. Mar. 22, 2016) (emphasis in original). Any allegations that a defendant "should have known" of a risk "categorically do not rise to the level of gross negligence." *Id.* at *2.

18

## IV. Plaintiff's Claims are Barred by the Absolute Immunity Privilege.

Even assuming the presence of this court file information on the eCourts system could be deemed a statement by Tyler (and it should not), Plaintiff's entire Complaint fails under the absolute immunity privilege.

Under North Carolina law, tort claims based on an allegation that a statement is false, fraudulent or misleading are barred by the absolute immunity privilege if the statement was made in connection with judicial proceedings. *N.C. Mut. Life Ins. Co. v. Stamford Brook Cap., LLC*, No. 1:16-cv-1174, 2019 WL 4739539, at *4 (M.D.N.C. Sept. 27, 2019). In cases where the privilege applies, "the action is absolutely barred." *R. H. Bouligny, Inc. v. United Steelworkers of Am.*, *AFL-CIO*, 270 N.C. 160, 171, 154 S.E.2d 344, 354 (1967).

The phrase "judicial proceeding" has been defined "broadly, encompassing more than just trials in civil actions or criminal prosecutions." *Harris v. NCNB*, 85 N.C. App. 669, 673, 355 S.E.2d 838, 842 (1987). Courts in North Carolina have applied the absolute immunity privilege to statements in "pleadings and other papers filed" in a judicial proceeding, affidavits, counsel's statements or questions, out-of-court communications between attorneys or parties, and potential witness's statements, among others. *See Bouvier v. Porter*, 386 N.C. 1, 900 S.E.2d 838, n.7 (2024). Here,

19

the criminal files at issue are official records of judicial proceedings and reflect the outcome of hearings, trials, and other court proceedings. *See* Ex. 1, ¶ 16. As such, the records were made in connection with a judicial proceeding and are protected by the absolute immunity privilege.

The absolute immunity privilege applies to Tyler as provider of the software used for North Carolina's official court records. The North Carolina Supreme Court held just last year that the privilege is not limited to the participants of judicial proceedings. *Bouvier*, 386 N.C. at 13, 900 S.E.2d at 848. Instead, the privilege "belongs to the occasion," and "the protection from liability to suit attaches by reason of the setting in which the defamatory statement is spoken or published." *R.H. Bouligny*, 270 N.C. at 171, 154 S.E.2d at 354. The party invoking the privilege need not be a party, counsel, or a witness to the underlying judicial proceeding for the privilege to attach. *Bouvier*, 386 N.C. at 13, 900 S.E.2d at 848.

Because the statements that form the basis of Plaintiff's claims concern charges against the Plaintiff that were made in connection with judicial proceedings, Plaintiff's tort claims based on the alleged falsity of these statements are barred.

20

## V.     Tyler Has Immunity from Suit for Information Published on eCourts Under the Communications Decency Act.

Finally, Plaintiff's claims are pre-empted by Section 230 of the

Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). The CDA

provides that "[n]o provider or user of an interactive computer service shall

be treated as the publisher or speaker of any information provided by another

information content provider." *Id.* § 230(c)(1). "The term 'interactive

computer service' means any information service, system, or access software

provider that provides or enables computer access by multiple users to a

computer server." *Id.* § 230(f)(2). An "information content provider" is

defined as "[a]ny person or entity that is responsible, in whole or part, for the

creation or development of information provided through the Internet or any

other interactive computer services." *Id.* § 230(f)(3).

Tyler is a provider of interactive computer services as that term is

defined in the CDA. *See id.* §§ 230 (c)(1), (f)(2). Tyler licenses eCourts

software to the North Carolina court system. Tyler's customers, like the

Durham County Clerk of Court, are responsible for the "creation or

development of information" uploaded into eCourts and fall within the

definition of "information content providers." *See* Ex. 1, ¶¶ 3-15; *see also* 47

U.S.C. § 230(f)(3).

21

Plaintiff attempts to bring tort claims against Tyler based on files posted by court users on software licensed by Tyler. *See* Compl. at 1, ¶ 1. Where, like here, an information content provider provides information that is posted or published to an interactive computer service, state law claims against the provider of that service are preempted by the CDA. *See, e.g.*, *Zeran v. Am. Online, Inc.*, 129 F.3d 327 (4th Cir. 1997) (holding that state common law claim against AOL for negligent distribution of defamatory material posted on message boards was pre-empted by the CDA); *Winter v. Bassett*, No. 1:02-cv-00382, 2003 WL 27382038, at *6-7 (M.D.N.C. Aug. 22, 2003), *aff'd*, 157 F. App'x 653 (4th Cir. 2005) (similar); *Hill v. StubHub, Inc.*, 219 N.C. App. 227, 727 S.E.2d 550 (2012).

Plaintiff's claims are thus pre-empted by the CDA.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

22

This 13th day of September, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone:  (704) 377-2536
Facsimile:  (704) 378-4000

*Attorney for Defendants Tyler Technologies, Inc. and Abigail Diaz*

23

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief

contains fewer than 6,250 words (not counting the portions of the brief

excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software.

This 13th day of September, 2024.

s/ Gregory L. Skidmore<br>
Gregory L. Skidmore

Case 1:24-cv-00629-CCE-JLW   Document 10   Filed 09/13/24   Page 30 of 31

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing has been served on Plaintiff by depositing the same in the United States mail, postage prepaid, in an envelope addressed as follows:

Kenya Teasley
100 Tobler Court
Apartment 205
Durham, North Carolina 27704

This 13th day of September, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore