# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:24-cv-00629-CCE-JLW

**KENYA TEASLEY,**

        **Plaintiff,**

    **v.**

**TYLER TECHNOLOGIES, INC.; and
ABIGAIL DIAZ,**

        **Defendants.**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ABIGAIL DIAZ'S
## MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................1

BACKGROUND ..................................................2

ARGUMENT ....................................................3

I.    This Court Lacks Personal Jurisdiction Over Diaz. ................3

    A.    Legal Standard.............................................3

    B.    Plaintiff cannot establish specific or general personal
        jurisdiction over Diaz.......................................4

        1.    Plaintiff cannot establish specific jurisdiction over
            Diaz. ...............................................5

        2.    Plaintiff cannot establish general jurisdiction over
            Diaz. ...............................................8

II.   The Complaint Fails To State A Claim Against Diaz..............9

CONCLUSION..................................................11

# TABLE OF AUTHORITIES

**Page**

## Cases

*ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,*
  293 F.3d 707 (4th Cir. 2002) ........................................................................ 8, 9

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ........................................................................................ 4

*Consulting Eng'rs Corp. v. Geometric Ltd.,*
  561 F.3d 273 (4th Cir. 2009) ....................................................................... 5, 6

*Design Res., Inc. v. Leather Indus. of Am.,*
  900 F. Supp. 2d 622 (M.D.N.C. 2012)..................................................passim

*Hawkins v. i-TV Digitalis Tavkozlesi zrt.,*
  935 F.3d 211 (4th Cir. 2019) ......................................................................... 2

*May Apparel Grp., Inc. v. Ava Imp.-Exp., Inc.,*
  902 F. Supp. 93 (M.D.N.C. 1995)................................................................... 8

*Moseley v. Fillmore Co.,* Ltd.,
  725 F.Supp.2d 549 (W.D.N.C. 2010)............................................................. 4

*Promotions, Ltd. v. Brooklyn Bridge Centennial Comm'n,*
  763 F.2d 173 (4th Cir. 1985) ......................................................................... 6

*Smith v. Dade Behring Holdings, Inc.,*
  No. 1:05–CV–86–LHT–DLH, 2007 WL 152119
  (W.D.N.C. Jan. 16, 2007)............................................................................... 8

*Tyson v. L'Eggs Products, Inc.,*
  84 N.C. App. 1, 351 S.E.2d 834 (1987) ......................................................... 9

*Vogel v. Wolters Kluwer Health, Inc.,*
  630 F.Supp.2d 585 (M.D.N.C.2008)............................................................... 4

Case 1:24-cv-00629-CCE-JLW   Document 12   Filed 09/13/24   Page 3 of 17

# TABLE OF AUTHORITIES

Page

**Statute**

N.C. Gen. Stat. § 1-75.4 ........................................................................................ 4

Case 1:24-cv-00629-CCE-JLW   Document 12   Filed 09/13/24   Page 4 of 17

## INTRODUCTION

Plaintiff sues Tyler Technologies, Inc. ("Tyler") and its Chief Legal Officer Abigail Diaz ("Diaz"), claiming that Tyler and Diaz defamed Plaintiff and committed other torts based on information being available in the North Carolina eCourts system about two criminal cases involving Plaintiff. Plaintiff's Complaint fails as a matter of law as to Diaz for two independent reasons.

One, the Court does not have personal jurisdiction over Diaz. Diaz has no meaningful connections with North Carolina, much less the minimum contacts necessary to support personal jurisdiction. Diaz, a resident of Maine, has never lived or worked in North Carolina, does not have offices or agents in the state, and does not own property in the state. Indeed, other than passing through the state on two occasions, she has never even been to North Carolina. Diaz also has no connection with Plaintiff or with Plaintiff's allegations. Dismissal is thus appropriate under Rule 12(b)(2).

Second, the Complaint fails to state a claim against Diaz. The Complaint fails as to Diaz for the same reasons as explained in argument Sections I-IV of Tyler's separate motion to dismiss. And there is no allegation made against Diaz specifically that would support a viable claim. Dismissal is thus also appropriate under Rule 12(b)(6).

## BACKGROUND

Defendant Abigail Diaz is the Chief Legal Officer of Tyler. Compl. at 1, ¶ 5.[1] The only allegations in the Complaint about Diaz are that "Diaz is a Corporate Officer for Tyler Technologies, Inc."; "Plaintiff made Defendant Abigail Diaz aware of the [allegedly] false and libelous information"; and "Plaintiff asked Abigail Diaz to remove this … information" from eCourts. *Id.* at 3, ¶ 3. Plaintiff also makes a gratuitous, unsupported statement that "Abigail Diaz thinks this situation is cute." *Id.* Other than these two paragraphs, the Complaint contains no allegations about Diaz.

Plaintiff's Complaint contains no allegations tying Diaz to North Carolina, much less the minimum contacts needed to establish personal jurisdiction. The attached Declaration of Abigail Diaz, which is properly considered on a Rule 12(b)(2) motion, *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 226 (4th Cir. 2019), makes clear that Diaz has no such minimum contacts. *See* Decl. of Abigail Diaz ("Diaz Decl."), attached as Ex. A. Diaz has never resided in or worked in North Carolina, does not conduct business in North Carolina, and has only passed through the state twice that she can recall. *Id.* ¶¶ 3-5. Diaz has had no involvement with the data in the

---

[1] The Complaint paragraphs are numbered 1 to 5 on page 1, and then restart at paragraph 1 on page 2.

2

North Carolina eCourts system, *id.* ¶¶ 7-8, and she has had no involvement with Plaintiff, other than receiving emails from Plaintiff, *id.* ¶¶ 9-10.

<u>**ARGUMENT**</u>

The Complaint should be dismissed as to Diaz for two independent reasons. One, the Court does not have personal jurisdiction over Diaz, because the Complaint does not allege Diaz has the necessary minimum contacts to North Carolina. Two, the cursory allegations of the Complaint fail to state a claim under Rule 12(b)(6).

## I. This Court Lacks Personal Jurisdiction Over Diaz.

Dismissal under Rule 12(b)(2) is appropriate because the Court lacks personal jurisdiction over Diaz.

### A. Legal Standard

When a defendant properly challenges the court's personal jurisdiction in a Rule 12(b)(2) motion, "the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Design Res., Inc. v. Leather Indus. of Am.*, 900 F. Supp. 2d 622, 629 (M.D.N.C. 2012) (cleaned up). Although the Court on a motion to dismiss must construe well-pleaded allegations in the plaintiff's favor, "[w]here the defendant has provided evidence … that denies facts essential for jurisdiction, the plaintiff must present sufficient evidence to create a factual dispute on each

3

jurisdictional element that has been denied by the defendant and on which the defendant has presented evidence." *Id.* at 630 (quoting *Vogel v. Wolters Kluwer Health, Inc.,* 630 F.Supp.2d 585, 594 (M.D.N.C.2008)).

To establish personal jurisdiction over Diaz, Plaintiff must establish (1) that jurisdiction is authorized by the North Carolina Long Arm Statute, N.C. Gen. Stat. § 1-75.4; and (2) that exercise of jurisdiction comports with due process. *Id.* Although the two inquiries often merge, "if jurisdiction is not authorized under the North Carolina Long Arm Statute, the court need not engage in additional due process analysis." *Id.* at 631 (quoting *Moseley v. Fillmore Co.,* Ltd., 725 F.Supp.2d 549, 560 (W.D.N.C. 2010)).

## B. Plaintiff cannot establish specific or general personal jurisdiction over Diaz.

Plaintiff cannot establish personal jurisdiction as to Diaz because Diaz has no meaningful contacts with North Carolina. Plaintiff points to no provision of the North Carolina Long Arm Statute that authorizes jurisdiction here. Even if Plaintiff could do so, "[t]he Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which [it] has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

4

### 1. Plaintiff cannot establish specific jurisdiction over Diaz.

To exercise specific personal jurisdiction, the defendant's conduct in the forum state must "form the basis for the suit." *Design Res.*, 900 F. Supp. 2d at 631 (cleaned up). If this test is met, then the Court evaluates whether the exercise of jurisdiction comports with due process by considering: (1) "the extent to which the defendant has purposely availed itself of the privilege of conducting activities in the State," *i.e.*, whether the defendant has sufficient minimum contacts with the forum State; "(2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009).

Plaintiff cannot even establish that Diaz has engaged in any conduct in North Carolina, much less that any conduct in North Carolina forms the basis for the suit, or that Diaz has sufficient contact with North Carolina to satisfy due process. Indeed, Diaz has no meaningful contacts at all with North Carolina. Diaz has never "deliberately engaged in significant or long-term business activities in the forum state." *Id.* Diaz does not maintain offices or agents in North Carolina, Diaz Decl. ¶ 4; she does not own property in North Carolina, *id.*; and she has not solicited or initiated business in North Carolina, *id.* Diaz is a resident of Maine who works and operates out of

5

Tyler's Maine office. *Id.* ¶¶ 1, 3. She has never lived or worked in North Carolina. *Id.* ¶ 4. Other than passing through the state on two occasions, she has never even been to North Carolina. *Id.* ¶ 5.

Diaz also has no connection with Plaintiff or the allegations in Plaintiff's complaint. Plaintiff's alleged injury "must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *Consulting Eng'rs*, 561 F.3d at 280-81 (cleaned up). Here, Diaz has never interacted with Plaintiff in any way. Diaz Decl. ¶¶ 9-10. Diaz's only involvement with Plaintiff has been to receive a few emails Plaintiff sent to her, *id.* ¶ 10, but unilateral communications sent by Plaintiff cannot subject Diaz to jurisdiction in North Carolina. *See, e.g., Promotions, Ltd. v. Brooklyn Bridge Centennial Comm'n*, 763 F.2d 173, 174-75 (4th Cir. 1985).

The Complaint also does not tie Diaz to the conduct alleged. The Complaint alleges injury based on information about two criminal cases that exists on the North Carolina eCourts system. But the Complaint does not allege that Diaz added this information to the eCourts system, and Diaz's declaration makes clear that she did not do so. Diaz Decl. ¶ 8. Indeed, Diaz has no ability to upload or modify any files or records in the eCourts system,

6

*id.*, which is work done by the users of the software, like court staff, *id.* ¶¶ 7-8.

The only allegation against Diaz is that she "did not instruct Tyler Technologies, Inc. to remove the [information about the two criminal cases] from the internet website portal created by Tyler Technologies, Inc." Compl. at 3, ¶ 3. Diaz's declaration makes clear that neither she nor anyone at Tyler has the authority to remove or modify information in eCourts. Diaz Decl. ¶ 8. But, even if she did, this one isolated alleged inaction, which occurred outside of North Carolina and involves an individual with which Diaz has had no involvement, does not establish minimum contacts with the state.

This Court's opinion in *Design Resources* is instructive. In *Design Resources*, Plaintiff filed a defamation claim against two foreign corporations, and an officer of each corporation, based on articles and advertisements in a trade publication. 900 F. Supp. 2d at 626. The Court held it did not have personal jurisdiction over the officers, even though one of them provided quotations in the article that the plaintiff claimed were defamatory, and the other was the CEO of the company that created an allegedly defamatory advertisement that included a picture of the CEO and a quotation from the CEO. *Id.* at 633-38. There are no allegations against Diaz that even rise to this level, much less exceed it.

Finally, the fact that Diaz is the Chief Legal Officer of Tyler does not subject her to personal jurisdiction. It is well-established that a corporate officer is not subject to personal jurisdiction even if the court has personal jurisdiction over the corporation. *Id.* at 635-36; *see also Smith v. Dade Behring Holdings, Inc.,* No. 1:05–CV–86–LHT–DLH, 2007 WL 152119, at *3 (W.D.N.C. Jan. 16, 2007); *May Apparel Grp., Inc. v. Ava Imp.-Exp., Inc.*, 902 F. Supp. 93, 97 (M.D.N.C. 1995). "Personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." *Smith*, 2007 WL 152119, at *3. As Diaz has no such contacts and did not avail herself of the privilege of conducting business in North Carolina, Plaintiff cannot impute personal jurisdiction onto her solely by virtue of her corporate position.

## 2. Plaintiff cannot establish general jurisdiction over Diaz.

Because Diaz's contacts with North Carolina do not form the basis for the suit, Plaintiff must establish that the Court has "general jurisdiction" over her, meaning her activities in the state were "continuous and systematic." *Design Res.*, 900 F. Supp. 2d at 631. Plaintiff cannot establish this. The standard for establishing general personal jurisdiction over a defendant is a "more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293

8

F.3d 707, 712 (4th Cir. 2002). Here, Diaz has no meaningful contact with North Carolina, much less the continuous and systematic activities that would be needed to establish general jurisdiction.

## II. The Complaint Fails To State A Claim Against Diaz.

A separate, independent ground for dismissal is that the Complaint fails to state a claim against Diaz, making dismissal appropriate under Rule 12(b)(6).

The Complaint fails as to Diaz for the same reasons it fails as to Tyler, and Diaz incorporates the arguments in Sections I-IV of Tyler's brief in support of its motion to dismiss.

The Complaint also fails as to Diaz for the additional reason that it contains no allegations tying Diaz to the alleged torts.

**Libel Per Se.** In addition to Plaintiff's failure to plead the libel per se claim generally, the Complaint has no well-pleaded allegations that Diaz published the statement or that (even if the statement were false, which it is not) that Diaz knew or should have known the statement was false. A defamation claim requires that the defendant both *write* the alleged defamatory information and *publish* the information to third parties. *See Tyson v. L'Eggs Products, Inc.*, 84 N.C. App. 1, 10-11, 351 S.E.2d 834, 840 (1987); *see also* Tyler Br. at 8-12. The Complaint contains no well-pleaded

9

allegations against Diaz to satisfy this required element. The Complaint does not allege that Diaz personally uploaded the information at issue or had any personal involvement with inputting information or uploading files to the eCourts system. Instead, the Complaint states only that Diaz "did not instruct Tyler Technologies, Inc. to remove the … information" from the eCourts system. Compl. at 3, ¶ 3. But the Complaint gives no indication that Diaz had such authority, and she did not. Diaz Decl. ¶¶ 7-8. In any event, this does not satisfy the publication element.

Plaintiff also has no well-pleaded allegations that Diaz knew or should have known the information in the criminal files was false, which is a separate required element of the libel per se claim. Tyler Br. at 9.

**IIED.** On the IIED claim, the allegation is that Tyler "publish[ed] false and libelous information," Compl. at 7, ¶ 19. There is no allegation that Diaz took any action. And there is no allegation Diaz intended to cause Plaintiff harm. *See* Tyler Br. at 12-13.

**Negligence and Gross Negligence.** On the negligence claims, as described in Tyler's brief, Plaintiff cannot repackage her defamation claim as negligence. *See* Tyler Br. at 14-15. And, again, the allegations are that Tyler (not Diaz) took the challenged actions. *See id.* at 15-18.

## CONCLUSION

For the foregoing reasons, the Complaint against Abigail Diaz should be dismissed with prejudice.

This 13th day of September, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorney for Defendants Tyler Technologies, Inc. and Abigail Diaz*

11

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 6,250 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software. This brief incorporates argument Sections I-IV of Defendant Tyler Technologies' Memorandum of Law in Support of its Motion to Dismiss, and I hereby certify that this brief, with those sections incorporated consistent with this Court's Standard Order, ECF No. 8, ¶ 1, contains fewer than 6,250 words.

This 13th day of September, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing has been served on Plaintiff by depositing the same in the United States mail, postage prepaid, in an envelope addressed as follows:

Kenya Teasley
100 Tobler Court
Apartment 205
Durham, North Carolina 27704

This 13th day of September, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore

13