IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:24-cv-00629-CCE-JLW

KENYA TEASLEY,

        Plaintiff,

  v.

TYLER TECHNOLOGIES, INC.; and
ABIGAIL DIAZ,

        Defendants.

# REPLY BRIEF IN SUPPORT OF
# DEFENDANT TYLER TECHNOLOGIES, INC.'S
# MOTION TO DISMISS

Plaintiff's response brief does not cite a single legal authority in support of her claims or respond to Tyler Technologies' legal arguments for why the Complaint does not and cannot state any plausible claim against Tyler.

Instead, Plaintiff's brief mixes more conclusory, unsupported statements with attacks on Tyler, Tyler's counsel, and state officials like the Durham County Clerk of Court, Aminah Thompson. Plaintiff has continued these attacks outside of her response brief by sending multiple emails to Tyler's counsel, Ms. Thompson, and other state officials, such as this email to North Carolina Administrative Office of the Courts Director Ryan Boyce:

> From: Kenya Teasley <kenya416@icloud.com>
> Sent: Sunday, September 22, 2024 7:20 PM
> To: ryan.s.boyce@nccourts.org
> Cc: Skidmore, Greg <GSkidmore@robinsonbradshaw.com>
> Subject: Aminah Thompson's perjury situation
>
> Please know, that I know you are dirty as well in this situation and I know right now you are about to s$it your pants, as when she folds like a napkin and drop all names involved, your name will definitely come up.
>
> Sent from my iPhone

A collection of Plaintiff's recent emails is attached to this brief as Exhibit 1.

Plaintiff offers no legal response to Tyler's arguments, and she has none. As explained in Tyler's opening brief, Plaintiff's Complaint fails to state a claim against Tyler for multiple, independent reasons, and the Complaint should be dismissed with prejudice.

1

### I. The Complaint Does Not Plausibly Allege Facts to Support Any of Plaintiff's Claims.

Plaintiff's primary argument in response to the motion to dismiss is to assert that she has "successfully [pleaded] all of the elements of her claims." ECF No. 14 at 4. This is not sufficient to defeat a motion to dismiss. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F. 3d 250, 255 (4th Cir. 2009) ("[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts" to defeat a Rule 12(b)(6) motion.); *Tibbs v. Virginia*, No. 1:10-CV-782, 2011 WL 9155802, at *2 (E.D. Va. June 16, 2011) (dismissing complaint when defendant's response brief only reiterated the conclusory allegations of the complaint without any supporting facts). Plaintiff does not make any legal argument, or cite any authority, in support of her Complaint.

#### A. Plaintiff's libel per se claim fails.

Plaintiff's defense of her libel claim consists almost exclusively of conclusory statements that the information on the eCourts portal was "libelous information" or "libelous files." ECF No. 14 at 3. Such conclusory statements cannot be used to defeat a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[N]aked assertions devoid of further factual enhancement" do not suffice to state a claim.).

As explained in Tyler's motion to dismiss, Plaintiff's libel per se claim fails for two independent reasons: one, Plaintiff has not alleged a statement that is libel per se, ECF No. 10 at 10-13; and two, even if she had, Plaintiff has not pleaded the necessary elements of a defamation claim, *id.* at 13-16.

**1. The alleged statement is not libel per se.** Plaintiff's only argument that she has alleged a statement that is libel per se is that "[t]he libelous publications made by Tyler technologies, Inc. [*sic*] states the Plaintiff was indicted," and "[a]n indictment is a formal accusation or charge of a crime." ECF No. 14 at 4. But Plaintiff ignores North Carolina law "that in order to be actionable per se a false statement must impute that a person *is guilty* of a punishable offense." *See Donovan v. Fiumara*, 114 N.C. App. 524, 531, 442 S.E.2d 572, 576-77 (1994) (emphasis added). Here, the files at issue do not show that Plaintiff was guilty of a crime; on the contrary, the files show that the charges were *dismissed*, meaning Plaintiff was not found guilty. ECF No. 10-2 at 5, ¶¶ 16, 19; ECF No. 10 at 11-12. Plaintiff has no response for this point.

Even if the files were false (which Tyler disputes, *see* ECF No. 10 at 14-15), the information does not meet the "high threshold" for libel per se, which requires a statement "susceptible of but one meaning and of such nature that the court can presume as a matter of law that [the words] tend to degrade the

3

party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." *Renwick v. News & Observer Pub. Co.*, 310 N.C. 312, 317-18, 312 S.E.2d 405, 408-09 (1984) (cleaned up); *Ward v. Jett Props., LLC*, 202 N.C. App. 375, 690 S.E.2d 767, 2010 WL 346459, at *4 (2010). Nothing about these ministerial entries in court records satisfies this high standard. ECF No. 10 at 11-13.

The question of whether a statement is libel per se is a question of law for the Court to determine. *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 26, 588 S.E.2d 20, 26 (2003). As Plaintiff has not satisfied this element, the libel per se claim should be dismissed as a matter of law.

**2. Plaintiff has not alleged the elements of a libel per se claim.** Plaintiff offers no response to Tyler's argument that she has not pleaded the necessary elements of a libel per se claim, and this provides an independent basis to dismiss the claim. ECF No. 10 at 13-16.

**Plaintiff has not adequately pleaded the statement is false.** In her response brief, Plaintiff does nothing more than repeat and restate the conclusory, unsupported allegations of her Complaint that the information in her criminal files is false. ECF No. 14 at 1-4. Vague and conclusory allegations of falsity are not enough to survive a motion to dismiss. *E.g.*, *Jolly v. Acad. Collection Serv., Inc.*, 400 F. Supp. 2d 851, 862 (M.D.N.C.

2005). And unsupported arguments that judicial records are false without supporting factual allegations do not satisfy basic pleading requirements. *See Iqbal*, 556 U.S. at 678.

Plaintiff has no answer to the North Carolina law that court clerks have the legal obligation to maintain court records and ensure their accuracy, N.C. Gen. Stat. § 7A-109, or to the declaration of the Durham County Clerk of Court that the records Plaintiff challenges are official court records, ECF No. 10-2 at 4, ¶ 16. Truth is a complete defense to a defamation claim. *See Food Lion, Inc. v. Cap. Cities/ABC, Inc.,* 194 F.3d 505, 522 (4th Cir.1999); *Renwick*, 310 N.C. at 327, 312 S.E. 2d at 405.

Instead, Plaintiff makes a series of personal attacks on Tyler's counsel and the Durham County Clerk of Court. ECF No. 14 at 3-5. None of these attacks has any legal significance. Likewise, the unrelated court files Plaintiff attaches have no relevance here, as they deal with different defendants, in a different county, and relate to criminal charges that are approximately 20 years more recent than the charges at issue here. *See* ECF No. 14-1. All Plaintiff's reliance on these files shows is that Plaintiff recognizes the files in the eCourts system are official court records.

**Plaintiff has not adequately pleaded that Tyler knew or should have known the statement was false.** Even if the statements were false

(and Tyler does not concede this), Plaintiff has no response on this required element. Plaintiff still points to no legal obligation of Tyler to confirm the accuracy of every piece of information in the hundreds of thousands of court files in North Carolina and the other states in which Tyler's software is used for court recordkeeping. And Plaintiff has no specific, supported allegation that Tyler somehow knew that these two specific court files were false. ECF No. 10 at 15.

**Plaintiff has not adequately pleaded that Tyler made or published the challenged statement.** Plaintiff offers no answer at all on these required elements of a libel claim. Pursuant to statutory authority, the clerks of court are responsible for the creation, maintenance, and publication of court records. N.C. Gen. Stat. § 7A-109; ECF No. 10 at 16.

All Plaintiff points to is an irrelevant statement on Tyler's website about the collection and publication of information. *See* ECF No. 14 at 3. As Tyler's website makes clear, the language Plaintiff quotes only "applies when Tyler is the controller of personal data. ... [It] does not apply to the extent Tyler processes personal data in the role of a data processor or service provider on behalf of a Tyler client."[1] Here, Tyler licenses software and

---

[1] TYLER AS CONTROLLER, https://www.tylertech.com/privacy/tyler-as-controller (last visited September 30, 2024).

provides services to its client, the North Carolina Administrative Office of Clerks. As the Tyler website states, "In such situations, data processed by Tyler is controlled by our clients (i.e. public sector entities such as cities and towns, . . . or government entities utilizing Tyler products and services)." *Id.* Plaintiff has no other argument that Tyler made or published the challenged information.

### B. Plaintiff fails to plausibly allege a claim for intentional infliction of emotional distress, negligence, or gross negligence.

Plaintiff makes no response at all to Tyler's arguments that the Complaint fails to state a claim for intentional infliction of emotional distress, gross negligence, and negligence. ECF No. 10 at 16-24. Plaintiff does not dispute Tyler's arguments or its legal authority. Nor does Plaintiff dispute that these claims are just attempts to repackage her libel claims under different torts, in order to circumvent the requirements of a libel claim. *Id.* at 17, 20-21.

Plaintiff's only response on these claims is the bare statement that she has pleaded all of the elements of her claims, ECF No. 14 at 4, which is insufficient as a matter of law, *Nemet*, 591 F.3d at 255; *Tibbs*, 2011 WL 9155802, at *2; *see also Iqbal*, 556 U.S. at 678. Plaintiff's failure to address the arguments in Tyler's motion to dismiss these claims constitutes an

7

abandonment of the claims warranting dismissal with prejudice. *Morgan v. Ellis*, No. 3:22-CV-00003, 2023 WL 3361200, at *3 (W.D.N.C. May 10, 2023); *Pegram v. Williamson*, No. 1:18-cv-828, 2020 WL 564136, at *1 n.1 (M.D.N.C. Feb. 5, 2020). The claims fail for the reasons set out in Tyler's opening brief. ECF No. 10 at 16-24.

## II. Plaintiff's Claims are Barred by the Absolute Immunity Privilege.

Plaintiff does not dispute that tort claims based on an allegation that a statement is false, fraudulent, or misleading are barred by the absolute immunity privilege if the statement was made in connection with judicial proceedings. *N.C. Mut. Life Ins. Co. v. Stamford Brook Cap., LLC*, No. 1:16-cv-1174, 2019 WL 4739539, at *4 (M.D.N.C. Sept. 27, 2019). Nor does Plaintiff deny that statements in official court records are made in connection with a judicial proceeding and, therefore, protected by the absolute immunity privilege.

Plaintiff's sole response is to again fall back on her conclusory allegations that her criminal files are false and that, because of this, there was no underlying judicial proceeding. ECF No. 14 at 2. But the Complaint contains no plausible allegation that Plaintiff's criminal files are false or that there was no judicial proceeding in connection with her criminal charges. As

8

Aminah Thompson attests in her affidavit, the files in the North Carolina eCourts system are authentic, official court records. ECF No. 10-2 at 5, ¶ 16.

Because the statements that form the basis of Plaintiff's claims concern charges against the Plaintiff that were made in connection with judicial proceedings, Plaintiff's tort claims are barred by the absolute immunity privilege.

### III. Tyler Has Immunity Under the Communications Decency Act.

Finally, Plaintiff's claims are pre-empted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). The CDA pre-empts state law claims against an interactive computer services provider, like Tyler, that are based on information provided by an information content provider, here the court officials, that is posted or published to an interactive computer service. *See* ECF No. 10 at 27-28.

Plaintiff tries to counter this argument by contending that Tyler "is not Facebook or Instagram." ECF No.14 at 3. The CDA is not so limited; indeed, none of the cases Tyler cites in its opening brief involve websites like those. *See* ECF No. 10 at 28 (citing cases). Instead, the CDA applies to providers of an "interactive computer service" as that term is defined in the CDA, including Tyler. *See* 47 U.S.C. § 230(f)(2). Nor is the CDA limited to interactive computer services available to "users from all around the world

who can post whatever they want," as Plaintiff claims. *See* ECF No. 14 at 3. Plaintiff cites no authority that would limit the CDA in this way.

Plaintiff's only other arguments are to again rely on the conclusory, and unsupported, allegation that Tyler added these files to eCourts, ECF No. 14 at 3, as well as citing to Tyler's privacy policy statements, *id.* For the reasons discussed above, neither are relevant, and neither result in the Complaint stating a viable cause of action.

For the reasons stated in Tyler's opening brief, ECF No. 10 at 27-28, Plaintiff's claims are pre-empted by the CDA.

## **CONCLUSION**

For the foregoing reasons, as well as those stated in Tyler's opening brief, Plaintiff's Complaint should be dismissed with prejudice.

10

Case 1:24-cv-00629-CCE-JLW   Document 15   Filed 10/01/24   Page 11 of 14

This 1st day of October, 2024.

                                  s/ Gregory L. Skidmore
                                  Gregory L. Skidmore
                                  N.C. Bar No. 35571
                                  gskidmore@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorney for Defendants Tyler Technologies, Inc. and Abigail Diaz*

11

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 3,125 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software.

This 1st day of October, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing has been served on Plaintiff by depositing the same in the United States mail, postage prepaid, in an envelope addressed as follows:

> Kenya Teasley
> 100 Tobler Court
> Apartment 205
> Durham, North Carolina 27704

This 1st day of October, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore