IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:24-cv-00629-CCE-JLW

KENYA TEASLEY,

        Plaintiff,

  v.

TYLER TECHNOLOGIES, INC.; and
ABIGAIL DIAZ,

        Defendants.

**REPLY BRIEF IN SUPPORT OF
DEFENDANT ABIGAIL DIAZ'S
MOTION TO DISMIS**

Plaintiff's response brief contains almost no legal argument at all, and it does not address the multiple reasons why the Complaint as to Tyler Technologies' Chief Legal Officer Abigail Diaz fails on both personal jurisdiction grounds and 12(b)(6) grounds.

**1. Personal Jurisdiction.** Plaintiff's response contains only three sentences on personal jurisdiction. Plaintiff's only argument is that this Court has personal jurisdiction over Diaz because she is listed as a corporate officer on Tyler's state business filings. ECF No. 14 at 2. According to Plaintiff, "[t]herefore, [Diaz] does business in this State." *Id.* Plaintiff cites no law supporting this argument, and the law is to the contrary.

It is well-established that a corporate officer is not subject to personal jurisdiction even if the court has personal jurisdiction over the corporation. *Design Res., Inc. v. Leather Indus. of Am.*, 900 F. Supp. 2d 622, 635-36 (M.D.N.C. 2012); *Smith v. Dade Behring Holdings, Inc.,* No. 1:05–CV–86–LHT–DLH, 2007 WL 152119, at *3 (W.D.N.C. Jan. 16, 2007); *May Apparel Grp., Inc. v. Ava Imp.-Exp., Inc.*, 902 F. Supp. 93, 97 (M.D.N.C. 1995). Instead, in every case personal jurisdiction "must be based on an individual's personal contacts with or purposeful availment of the forum state." *Smith*, 2007 WL 152119, at *3. The question is not whether the Court has personal

1

jurisdiction over Tyler; the question is whether the Court has personal jurisdiction over Diaz.

Here, Diaz has no contacts with and did not avail herself of the privilege of conducting business in North Carolina. *See* ECF No. 12 at 7-13; ECF No. 12-1. As Diaz made clear in her motion and supporting declaration, Diaz has no personal connection to North Carolina, let alone the meaningful connections necessary to subject her to personal jurisdiction in the state. ECF No. 12 at 7-13; *see* ECF No. 12-1. Diaz, a resident of Maine, has never lived or worked in North Carolina, does not have offices or agents in the state, and does not own property in the state. ECF No. 12-1, ¶¶ 1-4. Diaz also has no connection with Plaintiff or with Plaintiff's allegations. *Id.*, ¶¶ 9-10.

Plaintiff does not even reference—much less attempt to refute—these arguments. When a defendant provides evidence "that denies facts essential to jurisdiction" in support of a Rule 12(b)(2) motion, "the plaintiff must present sufficient evidence to create a factual dispute on each jurisdictional element that has been denied by the defendant and on which the defendant has presented evidence." *Design Res.*, 900 F. Supp. 2d at 630 (cleaned up). As Plaintiff has made no response to Diaz's arguments, she cannot meet this standard, and she has waived any responsive arguments. *See Adams v. Divi*

*Hotels Mktg., Inc.*, No. 1:23-CV-1048, 2024 WL 1349594, at *2 (M.D.N.C. Mar. 29, 2024).

As such, the Court should dismiss the Complaint as to Diaz for lack of personal jurisdiction.

**2. Failure to State a Claim.** Plaintiff barely addresses Tyler's arguments for why the Complaint fails to state a claim (arguments Diaz incorporated by reference), and Plaintiff does not address at all the additional arguments for why the Complaint fails specifically as to Diaz.

As explained more in the Tyler reply brief (which Diaz incorporates by reference), Plaintiff does not contest any of the legal arguments that Diaz or Tyler raised in their opening briefs on the elements of her claims. Instead, Plaintiff states in one conclusory paragraph that she has successfully pleaded all the elements of her claims. ECF No. 14 at 4. Such a conclusory statement is not sufficient as a matter of law. *Tibbs v. Virginia*, No. 1:10-CV-782, 2011 WL 9155802, at *2 (E.D. Va. June 16, 2011) (dismissing complaint when defendant's response brief only reiterated conclusory allegations of the complaint without any supporting facts); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[N]aked assertions devoid of further factual enhancement" do not suffice to state a claim.); Tyler Reply Br. at 7-8.

3

The remainder of Plaintiff's brief consists of irrelevant tangents that accuse Aminah Thompson of lying in her declaration, ECF No. 14 at 3-4; point to differences between unrelated criminal files from a different county, involving different individuals, and her own criminal files, *id.*; and aim vague accusations at counsel for Diaz and Tyler, *see id.* at 1-5.

Nowhere does Plaintiff respond to the multiple reasons why the Complaint fails to state a claim as to Diaz. ECF No. 12 at 13-14. For all the reasons stated in Diaz's opening brief, as well as for the reasons incorporated therein from Tyler's opening brief, the Complaint should be dismissed as to Diaz for failure to state a claim.

## **CONCLUSION**

For the foregoing reasons, the Complaint against Abigail Diaz should be dismissed with prejudice.

This 1st day of October, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorney for Defendants Tyler Technologies, Inc. and Abigail Diaz*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 3,125 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software. This brief incorporates Defendant Tyler Technologies' Reply Brief in Support of its Motion to Dismiss, and I hereby certify that this brief, consistent with this Court's Standard Order, ECF No. 8, ¶ 1, contains fewer than 3,125 words.

This 1st day of October, 2024.

s/ Gregory L. Skidmore
Gregory L. Skidmore

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing has been served on Plaintiff by depositing the same in the United States mail, postage prepaid, in an envelope addressed as follows:

> Kenya Teasley
> 100 Tobler Court
> Apartment 205
> Durham, North Carolina 27704

This 1st day of October, 2024.

s/ Gregory L. Skidmore<br>
Gregory L. Skidmore

7

Case 1:24-cv-00629-CCE-JLW   Document 16   Filed 10/01/24   Page 8 of 8