IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENYA TEASLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-629 |
| | ) | |
| TYLER TECHNOLOGIES, INC.; and ABIGAIL DIAZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, Kenya Teasley, alleges in her complaint that the defendants, Tyler Technologies, Inc. and its Chief Legal Officer, Abigail Diaz, published false information on a website stating that she committed two crimes in 1998 and that the charges were disposed of in 2001. She alleges that she has informed the defendants that these statements are false and demanded they be removed, but the defendants have not done so.

The Court lacks personal jurisdiction over Ms. Diaz, so her motion to dismiss will be granted. While Ms. Teasley has stated a claim for libel per se against Tyler, she has not stated claims on which relief may be granted for negligence, gross negligence, or intentional infliction of emotional distress. Tyler's motions to dismiss will be denied as to the libel per se claim and otherwise granted.

I.  **Personal Jurisdiction Over Ms. Diaz**

The due process clause of the Fourteenth Amendment limits a court's power to exercise personal jurisdiction over a defendant. *See Int'l Shoe Co. v. Wash., Off. of*

*Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).  A defendant must have minimum contacts with the forum State "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Id.* (cleaned up).  In evaluating those contacts, the Supreme Court has long focused on the nature and extent of the defendant's relationship to the forum State, leading to two kinds of personal jurisdiction:  general jurisdiction and specific jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Ms. Diaz moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), asserting that there is no basis for personal jurisdiction here.  Doc. 11.  She has provided uncontradicted evidence that she is a citizen and resident of Maine, Doc. 12-1 at ¶ 1, she has never resided or worked in North Carolina, *id.* at ¶ 4, she has no employees or agents in North Carolina, *id.*, she has not engaged in business in North Carolina, *id.*, and she has only been to North Carolina twice while driving through the state.  *Id.* at ¶ 5.  She received emails from Ms. Teasley before this case was filed and asked Tyler's outside counsel to respond.  *Id.* at ¶¶ 6, 10.  There are no allegations in the complaint to the contrary, and Ms. Teasley alleges only that "the parties are diverse," and that Ms. Diaz "is the Chief Legal Officer for Tyler Technologies, Inc."  Doc. 1 at p. 1 ¶¶ 1, 5.

General jurisdiction exists only when a defendant is "essentially at home" in the State.  *Goodyear*, 564 U.S. at 919.  Generally, an individual is subject to general jurisdiction only in her place of domicile.  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021).  Here, there is no allegation or evidence that Ms. Diaz is a citizen or resident of North Carolina, and general jurisdiction does not exist.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Id.* at 359. In evaluating whether specific jurisdiction exists, courts in this circuit consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *dmarcian, Inc. v. dmarcian Eur. BV*, 60 F.4th 119, 133 (4th Cir. 2023). The plaintiff must prevail on all three prongs. *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016). When challenged, the plaintiff bears the burden of demonstrating personal jurisdiction. *See dmarcian*, 60 F.4th at 131.

Here, Ms. Diaz has presented uncontradicted evidence that she does not have sufficient contacts with North Carolina for exercise of personal jurisdiction to be constitutionally reasonable. She has only been in North Carolina twice, and neither of those trips had anything to do with Ms. Teasley's claims. Ms. Teasley has not alleged any facts or offered any evidence indicating that Ms. Diaz has purposefully availed herself of the privilege of conducting activities in the State.

In her brief, Ms. Teasley contends that the Court has personal jurisdiction over Ms. Diaz because Ms. Diaz "is listed by name on several filings with the NC Secretary of State, under business search for Tyler Technologies. Therefore, she does business in this State." Doc. 14 at 2. Thus, she seems to suggest that because the Court has personal jurisdiction over Tyler, it has personal jurisdiction over Ms. Diaz as Tyler's general counsel. *See id.* But "[e]ach defendant's contacts with the forum State must be assessed

3

individually." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 781 n. 13 (1984). Conflating Tyler's contacts with those of Ms. Diaz is insufficient. *See Design Res., Inc. v. Leather Indus. of Am.*, 900 F. Supp. 2d 622, 634 (M.D.N.C. 2012).

The Court does not have personal jurisdiction over Ms. Diaz, so the claims against her will be dismissed.[1]

## II. Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts view all well-pleaded allegations in the complaint as true, drawing all inferences in the plaintiff's favor. *See Twombly*, 550 U.S. at 555–56; *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023). But courts are not required to accept any legal conclusions drawn from the facts, *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship.*, 213 F.3d 175, 180 (4th Cir. 2000), nor to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Fessler v. Int'l Bus. Machs. Corp.*, 959 F.3d 146, 154 (4th Cir. 2020).

Pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the liberal construction of a pro se plaintiff's pleading does not require

---

[1] Even if the Court had personal jurisdiction over Ms. Diaz, the claims against her would be dismissed for failure to state a claim for the same deficiencies discussed *infra* as to Tyler Technologies, Inc. Ms. Teasley has not brought a libel per se claim against Ms. Diaz, Doc. 1 at p. 7 ¶ 18, and that is the only claim against Tyler that will survive.

4

district courts to ignore clear defects in pleading, *Bustos v. Chamberlain*, No. 09-CV-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), and a court should not become an advocate for the unrepresented party. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see Lindemann-Moses v. Jackmon*, 644 F. Supp. 3d. 163, 170 (M.D.N.C. 2022).

III.   The Facts Alleged and the Plaintiff's Claims

In her complaint, Ms. Teasley alleges that on April 29, 2024, Tyler published false information online that:

--   "accuses [her] of committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998," Doc. 1 at p. 2 ¶ 1;

--   states "that the offenses were disposed on October 17, 2001 in Durham County District Court, with a disposition hearing held on October 26, 2001, in Durham County District Court," *id.*;

--   states that "an arrest warrant was issued on April 17, 2001 for these crimes and that on October 17, 2001, [she] was indicted on related charges," *id.*; and

--   identifies the North Carolina court case numbers as 01CR045648-310 and 01CR045649-310.  *Id.*

Ms. Teasley also alleges that:

--   she "informed Tyler Technologies Inc., the information they published . . . was false and libelous," and "asked Tyler Technologies, Inc., to remove this

5

false and libelous information from their internet website portal," but Tyler did not remove the records, *id.* at pp. 2–3 ¶ 2;

-- Tyler told her it got the information from the Durham County Clerk of Court, *id.* at p. 4 ¶ 4;

-- the Clerk told Ms. Teasley it has no such records and that "this information was never filed in any Durham County Court," *id.*; and

-- the "information has never existed in any North Carolina Judicial Court System and was not published by any North Carolina Clerk of Court," *id.*, and the information remains on Tyler's website. *Id.* at p. 5 ¶ 6.

Based on this conduct, Ms. Teasley contends that Tyler is liable for negligence, gross negligence, intentional infliction of emotional distress, and libel per se.

## IV. Negligence

To state a claim for negligence, plaintiffs must allege "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach." *Mathis v. Terra Renewal Servs., Inc.*, 69 F.4th 236, 243 (4th Cir. 2023) (quoting *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 328, 626 S.E.2d 263, 267 (2006)). "Whether a defendant owes a plaintiff a duty of care is a question of law." *Mynhardt v. Elon Univ.*, 220 N.C. App. 368, 372, 725 S.E.2d 632, 635 (2012) (quoting *Davidson v. Univ. of N.C. at Chapel Hill*, 142 N.C. App. 544, 552, 543 S.E.2d 920, 925 (2001)).

Ms. Teasley alleges that Tyler owed her a duty of care to ensure that it "was not publishing false and libelous information about her in the internet website portal," and to "remove any false and libelous information published." Doc. 1 at p. 5 ¶¶ 7, 9. But these

6

conclusory allegations do not give rise to a duty of care. Ms. Teasley has not provided any cases, statutes, or other legal authority suggesting that corporations that operate websites owe a duty of care to members of the public.

Even assuming this duty of care did exist, Ms. Teasley has not alleged facts plausibly showing causation. She has only made the conclusory allegation that "[a]s a proximate result of the Defendants' negligence, [she] has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss." *Id.* at p. 6 ¶ 11.

Because Ms. Teasley does not allege facts plausibly supporting a legal duty or causation, the motion to dismiss the negligence claim will be granted.

## V. Gross Negligence

A gross negligence claim requires plaintiffs to plausibly allege all the elements of ordinary negligence. *Est. of Long ex rel. Long v. Fowler*, 270 N.C. App. 241, 253, 841 S.E.2d 290, 299 (2020). Since Ms. Teasley's negligence claim is not viable, the motion to dismiss the gross negligence claim will be granted.

## VI. Intentional Infliction of Emotional Distress

The elements of the tort of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Turner v. Thomas*, 369 N.C. 419, 427, 794 S.E.2d 439, 446 (2016) (cleaned up) (quoting *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981)). Ms. Teasley's conclusory allegations are insufficient to make this claim plausible.

7

Ms. Teasley alleges that Tyler published "false and libelous information in their internet website portal, accusing [her] of committing an infamous crime involving moral turpitude," that because of Tyler's actions she "has suffered medical expenses for the treatment of severe emotional distress and monetary contract employment loss," and that Tyler's actions "were done intentionally maliciously, willfully, wantonly, or in a manner that demonstrates a reckless disregard for [her] safety." Doc. 1 at pp. 7–8 ¶¶ 19–21. These conclusory allegations are insufficient to state a plausible claim for intentional infliction of emotional distress.

Ms. Teasley alleges no facts tending to give rise to an inference that Tyler acted with intent to cause her severe emotional distress or that Tyler knew or had reason to know that the statements would cause her severe emotional distress. *See Piro v. McKeever*, 245 N.C. App. 412, 419, 782 S.E.2d 367, 372 (2016) (affirming dismissal of intentional infliction of emotional distress claim in part for failure to allege facts indicating that the defendant "knew or had a substantial certainty [the] plaintiff would suffer severe emotional distress as a result of" the defendant's conduct). Ms. Teasley has not alleged facts plausibly supporting intentional infliction of emotional distress, so the motion to dismiss this claim will be granted.

VII. **Libel Per Se**

For a claim of defamation, the "plaintiff must allege . . . that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." *Cannon v. Peck*, 36 F.4th 547, 559 (4th Cir. 2022) (quoting *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298,

8

302 (2006)). Libel is defamation in written form. *Id.* "Whether a publication is deemed libelous per se is a question of law to be decided by the court." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 26, 588 S.E.2d 20, 26 (2003).

As is relevant here, a publication is libelous per se if it "charges that a person has committed an infamous crime." *Renwick v. News & Observer Publ'g Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 408–09 (1984); *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29, 568 S.E.2d 893, 898 (2002). While the parties have not identified any case specifically deciding whether the felony of obtaining property by false pretenses is or is not an infamous crime, North Carolina courts have held that publications accusing someone of committing other crimes of theft are actionable per se. *See Stewart v. Nation-Wide Check Corp.*, 279 N.C. 278, 284, 182 S.E.2d 410, 414 (1971) (holding that falsely stating someone committed embezzlement is actionable per se); *Donovan v. Fiumara*, 114 N.C. App. 524, 531, 442 S.E.2d 572, 577 (1994) (citing with approval law review article stating that falsely calling someone a thief is actionable per se); *Shillington v. K-Mart Corp.*, 102 N.C. App. 187, 194, 402 S.E.2d 155, 159 (1991) (holding that evidence defendant accused plaintiff of shoplifting was sufficient to prove slander per se); *see also State v. Mann*, 317 N.C. 164, 170–72, 345 S.E.2d 365, 369–70 (1986) (noting that an infamous crime "includes anything done contrary to justice, honest[y], modesty, or good morals" and finding solicitation to commit common law robbery to be an infamous crime (cleaned up)).

Here, Ms. Teasley alleges that "Tyler Technologies, Inc. published false and libelous information . . . in an internet website portal they created . . . that accuses [her] of

9

committing the felony crime of Obtaining Property By False Pretense on April 14, 1998 and August 25, 1998." Doc. 1 at p. 2 ¶ 1. This is sufficient to state a libel per se claim.

Tyler asks the Court to consider state court records suggesting that Ms. Teasley was charged with a crime and that the charges were dismissed. Doc. 10 at 11–12; *see* Doc. 10-2 at 14–19. Courts may, as Tyler suggests, Doc. 10 at 12 n.3, take judicial notice of matters of public record like court records. *See Greene v. Mullis*, 829 F. App'x 604, 605 (4th Cir. 2020); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). But the fact that court records show that Ms. Teasley was charged with a crime and the charges were dismissed does not mean that false statements accusing her of committing those crimes, as she alleges in the complaint, are not libelous.

In the complaint, Ms. Teasley describes the content of the written publication she contends is libelous, but she does not provide a copy. It is possible that the documents Tyler attaches to its motion are screenshots of the publications in question; that is what Ms. Teasley seems to be saying in the emails Tyler provides and, perhaps, in her own brief. *See* Doc. 10-3 at 2, 10, 12; Doc. 14 at 1, 3–4. But in her complaint, she does not allege that Tyler's publications are themselves court records or that the publications suggest that she was charged with crimes and the charges were dismissed. Rather, she alleges that Tyler on its own website accuses her of committing a crime, Doc. 1 at p. 2 ¶ 1, and that the "information has never existed in any North Carolina Judicial Court System and was not published by any North Carolina Clerk of Court." *Id.* at p. 4 ¶ 4.

Tyler asserts that Ms. Teasley has only made "conclusory allegations that the information about these criminal cases is 'false' or a 'lie.'" Doc. 10 at 14. What other

10

fact is there to allege beyond the allegation that she did not commit the asserted felonies? In any event, she also alleges that other information in the publication is false, *see* Doc. 1 at p. 2 ¶ 1, and that the information is not contained in court records. *Id.* at p. 4 ¶ 4.

Tyler next contends that Ms. Teasley's libel claim is preempted by the Communications Decency Act, 47 U.S.C. § 230, because Tyler is "a provider of interactive computer services" and a third party is the "information content provider" of the relevant publications. Doc. 10 at 27–28. Perhaps that is so, but those conclusions are not supported by the facts alleged in the complaint. Similarly, Tyler contends that it is protected by judicial immunity because its statements were made in connection with judicial proceedings, asserting that it is the "provider of the software used for North Carolina's official court records." *Id.* at 25–26. That also may ultimately be the case, but again, there is nothing in the complaint alleging that Tyler is the software provider or that Tyler was publishing official court records.[2]

Because Ms. Teasley has alleged facts supporting the necessary elements under North Carolina law for a libel per se claim, the motion to dismiss this claim will be

---

[2] Tyler attaches various documents to the motion to dismiss. Courts may consider documents attached to a motion to dismiss if they are "integral to the complaint and there is no dispute about the document[s'] authenticity." *Doriety v. Sletten*, 109 F.4th 670, 679 (4th Cir. 2024) (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). Here, it is not clear that the documents Tyler provides are integral to the complaint. And Tyler has submitted no evidence to support the assertion in its brief that it is "a provider of interactive computer services" and the "provider of the software used for North Carolina's official court records." *See* Doc. 10 at 26–27. Statements in a brief are not evidence. *City of Greensboro v. Guilford Cnty. Bd. of Elections*, No. 15-CV-559, 2017 WL 11488724, at *1 n.4 (M.D.N.C. Jan. 26, 2017) (collecting cases); *see also Hill v. Carvana, LLC*, No. 22-CV-37, 2022 WL 1625020, at *3 (M.D.N.C. May 23, 2022).

11

denied. Tyler's arguments can be raised at summary judgment on a more developed factual record.

On its own motion, the Court will strike the plaintiff's sur-reply brief at Doc. 17. The Court's Local Rules do not permit filing of a sur-reply brief without permission, and nothing in that paper writing is helpful. Moreover, she cites no law anywhere in the paper writing. Name-calling and personal attacks on counsel serve no purpose.

It is **ORDERED** that:

1. The defendant Tyler Technologies, Inc.'s motion to dismiss, Doc. 9, is **DENIED** as to Ms. Teasley's claim for libel per se and **GRANTED** as to all other causes of action for failure to state a claim on which relief may be granted; and

2. The defendant Abigail Diaz's motion to dismiss, Doc. 11, is **GRANTED** and all claims against her are **DISMISSED** without prejudice for lack of personal jurisdiction.

3. The plaintiff's brief at Doc. 17 is **STRICKEN**. Ms. Teasley is **WARNED** to refrain from name-calling and personal attacks on counsel in any future briefing and that any such briefs if filed may be stricken.

This the 15th day of November, 2024.

_____
UNITED STATES DISTRICT JUDGE

12

Case 1:24-cv-00629-CCE-JLW    Document 18    Filed 11/15/24    Page 12 of 12