IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| KENYA TEASLEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-CV-629 |
| | ) | |
| TYLER TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiff, Kenya Teasley, moves to recuse the Magistrate Judge. The defendant, Tyler Technologies, Inc., moves for a protective order governing disclosure of information claimed to be confidential. The motion to recuse will be denied, and the motion for protective order will be granted.

### I.    Motion to Recuse

Ms. Teasley complains that at a recent scheduling conference, the Magistrate Judge asked about her ability to hire a lawyer, noted that cases without attorneys can be challenging, and questioned the plaintiff's views on the applicable law. She also complains that she "had issue with the magistrate court in the past so she already knew it was going to be some mess at the conference" and asserts without evidence that the Magistrate Judge has already decided to recommend summary judgment against her. *See generally* Doc. 29. These assertions are insufficient to raise a serious question about recusal.

The standard for judicial recusal is set out at 28 U.S.C. § 455. Under that statute, a judge must disqualify in "any proceeding in which his impartiality might reasonably be questioned," including where he has a "personal bias or prejudice concerning a party." § 455(a), (b)(1). For any alleged bias or prejudice to be disqualifying, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)); *accord, e.g.*, *Belue v. Leventhal*, 640 F.3d 567, 572 (4th Cir. 2011). As the Supreme Court has explained, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" almost "never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

As Ms. Teasley has previously been informed, recusal is not required or even appropriate simply because a litigant dislikes the court's approach or disagrees with the outcome of past cases. *Teasley v. O'Brien*, No. 24-CV-155, 2024 WL 2382383, at *4 (M.D.N.C. May 23, 2024) (quoting *United States v. Gordon*, 61 F.3d 263, 267–68 (4th Cir. 1995)). Judicial remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Belue,* 640 F.3d at 573 (quoting *Liteky*, 510 U.S. at 555); *see Watson v. McPhatter*, No. 17-CV-934, 2022 WL 1204925, at *3–5 (M.D.N.C. Apr. 22, 2022).

Nothing in Ms. Teasley's motion gives rise to any concerns about the Magistrate Judge's ability to be impartial. Judges routinely discuss issues and difficulties with

parties during initial pretrial conferences, often making comments or observations about how the case might go as part of their case management responsibilities. *See Belue*, 640 F.3d at 575 (noting that a "court's strong views about the merits of the case and about how to best handle it" are not a basis for recusal).

If the Magistrate Judge questioned Ms. Teasley's ability to represent herself well or corrected her about the law, that is not a basis for recusal. Any such comments have a basis in experience; as Ms. Teasley recognizes, judges in this district have seen a number of her cases. *Teasley*, 2024 WL 2382383 at *5–6 (referencing seven frivolous lawsuits and warning of pre-filing injunction). And her submissions in this case show a marked unfamiliarity with the Rules of Civil Procedure. *See, e.g.*, Text Order 03/27/2025 (denying plaintiff's motion to compel because plaintiff had not served any discovery).

Fortunately, Ms. Teasley has so far avoided using the abusive language she has used in the past. *See Teasley*, 2024 WL 2382383, at *6. But her language about the Magistrate Judge and the court system in her motion is far from respectful. Her musings about unrelated state court litigation are irrelevant, and her passing assertion that the Magistrate Judge has already decided to rule against her is unsupported by any evidence.

The plaintiff does not demonstrate any basis for recusal of the assigned Magistrate Judge. The motion to recuse will be denied.

II. **Motion for Protective Order**

The defendant seeks a protective order governing the use of information it produces under a claim of confidentiality. Ms. Teasley objects generally, though she has not identified any concerns about the terms of the proposed protective order the

defendant has submitted.  The basis for Ms. Teasley's objections are not particularly clear.

First, Ms. Teasley appears to be under the mistaken impression that a protective order would prevent her from filing public records on the court docket.  That is not the case.  Absent a confidentiality designation by the defendant, she is free to file public records on the public docket, and should the defendant claim confidentiality over a document she contends is a public record, she can contest that designation.

Protective orders like the one requested by the defendants are a routine part of civil litigation.  *See. e.g.*, *In re Grand Jury Subpoena*, 836 F.2d 1468, 1472, 1477 (4th Cir. 1988) (noting that "issuance of protective orders in civil litigation has become almost routine" and "facilitat[es] resolution of private disputes").  As the defendant has explained and as the pleadings make clear, it is easily possible that disclosure of information likely to be proprietary and confidential may be necessary as the case proceeds.  The protective order requested by the defendant specifically provides a way for Ms. Teasley to object to any confidentiality designations she thinks are inappropriate.  And the Court's Local Rules also provide a way for Ms. Teasley to object if and when the defendant seeks to file evidence under seal.  *See* LR 5.4, 5.5.

Ms. Teasley also says she does not intend to ask for any depositions, requests for admissions, or interrogatories.  But she has asked the defendant for information, Doc. 33 at 2, and, indeed, she filed a motion to compel.  Doc. 34. The deadline for discovery has not yet passed.

4

The defendant has shown good cause for issuance of a protective order, and the motion will be granted. The protective order will issue separately. Violation of the terms of the protective order subject a party to contempt or other sanctions.

It is **ORDERED** that:

1. The plaintiff's motion to recuse, Doc. 29, is **DENIED.**

2. The defendant's motion for protective order, Doc. 31, is **GRANTED**.

This the 9th day of April, 2025.

_____
UNITED STATES DISTRICT JUDGE