# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:24-cv-00629-CCE-JLW

KENYA TEASLEY,

        Plaintiff,

  v.

TYLER TECHNOLOGIES, INC.,

        Defendant.

**DEFENDANT TYLER TECHNOLOGIES INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER, ABUSE OF LITIGATION PROCESS, AND FAILURE TO PARTICIPATE IN DISCOVERY**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

INTRODUCTION ............................................................................... 1

BACKGROUND ................................................................................. 3

    A.    Plaintiff's Failure to Comply with this Court's Order on
Tyler's Motion to Compel. .................................................. 3

    B.    Plaintiff's Additional Sanctionable Conduct. ................................. 6

ARGUMENT ...................................................................................... 8

    A.    Plaintiff has violated the Court's Order on Tyler's Motion to
Compel. .................................................................................. 9

        1.    Plaintiff's Responses to Interrogatory No. 2 and
Document Request No. 1. .......................................... 9

        2.    Plaintiff's Responses to Interrogatories No. 7 and 11. ..... 12

        3.    Plaintiff's response to Interrogatory No. 10 and
Document Request No. 7. ......................................... 13

        4.    Plaintiff's Response to Interrogatory No. 12. .................... 15

        5.    Plaintiff's Response to Interrogatory No. 13. .................... 16

        6.    Plaintiff's responses to Interrogatory No. 14 and
Document Request No. 9. ......................................... 17

    B.    Dismissal is the appropriate sanction for Plaintiff's
conduct. .................................................................................. 18

        1.    Plaintiff is responsible for her conduct and has acted
in bad faith. ........................................................... 20

        2.    Plaintiff's conduct has prejudiced Tyler. .......................... 22

        3.    Plaintiff has proceeded in a dilatory manner. .................... 24

        4.    There is no evidence that lesser sanctions would be
effective or appropriate. ............................................. 25

        5.    A pre-filing injunction may also be appropriate. .............. 27

        6.    Lesser sanctions are appropriate if the Court declines
to dismiss Plaintiff's case. ......................................... 28

CONCLUSION .................................................................................. 29

CERTIFICATE OF SERVICE .......................................................... 32

Case 1:24-cv-00629-CCE-JLW    Document 50    Filed 06/20/25    Page 2 of 36

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Attkisson v. Holder,*
    925 F.3d 606 (4th Cir. 2019)...................................................................... 8, 19

*Ballard v. Carlson,*
    882 F.2d 93 (4th Cir. 1989)....................................................................... 8, 25

*Belk v. Smith,*
    No. 1:10CV724, 2015 WL 2194191 (M.D.N.C. May 11, 2015)............*passim*

*Black v. New Jersey,*
    No. 7:IO-CV-57-F, 2011 WL 102727 (E.D.N.C. Jan. 11, 2011) .................. 19

*E.E.O.C. v. Womble Carlyle Sandridge & Rice, LLP,*
    No. 1:13CV46, 2014 WL 37860 (M.D.N.C. Jan. 6, 2014) ........................... 27

*Fonseca v. Am. Red Cross,*
    No. 3:20-cv-00620-RJC-DCK, 2022 WL 3229971 (W.D.N.C.
    Aug. 10, 2022) ....................................................................................... 24, 26

*Food Lion, Inc. v. Capital Cities/ABC, Inc.,*
    194 F.3d 505 (4th Cir.1999)................................................................... 26, 27

*Guilford Nat'l Bank of Greensboro v. S. Ry. Co.,*
    297 F.2d 921 (4th Cir. 1962)......................................................................... 22

*Kiser v. Salisbury Police Dept.,*
    No. 1:14CV51, 2015 WL 3440839 (M.D.N.C. May 28, 2015).......... 20, 22, 24

*LeCompte v. Manekin Constr. LLC,*
    573 B.R. 187 (D. Md. 2017) ......................................................................... 22

*McNulty v. Casero,*
    No. SAG-16-2426, 2020 WL 2556667 (D. Md. May 20, 2020) .................... 19

*Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.,*
    872 F.2d 88 (4th Cir.1989)........................................................ 18, 20, 23, 26

Case 1:24-cv-00629-CCE-JLW    Document 50    Filed 06/20/25    Page 3 of 36

*Teasley v. O'Brien,*
    No. 1:24-CV-155, 2024 WL 2382383 (M.D.N.C. May 23, 2024) ........... 25, 28

*United States v. Shaffer Equip. Co.,*
    11 F.3d 450 (4th Cir. 1993) .................................................................... 8, 19

*Woods v. Wells Fargo Bank, N.A.,*
    No. 3:10-3160-SVH, 2012 WL 601872 (D.S.C. Feb. 3, 2012) ..................... 22

Case 1:24-cv-00629-CCE-JLW    Document 50    Filed 06/20/25    Page 4 of 36

Pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), Defendant Tyler Technologies, Inc. ("Tyler"), submits this memorandum in support of its Motion to Dismiss for Failure to Comply with Court Order, Abuse of Litigation Process, and Failure to Participate in Discovery.

## INTRODUCTION

Plaintiff has refused to engage in discovery. First, Plaintiff refused to respond to Tyler's discovery responses based on meritless objections. As a result, Tyler was forced to move this Court to compel Plaintiff to provide basic discovery in support of her claims. This Court granted Tyler's motion and awarded Tyler its reasonable fees incurred in bringing that motion.

Approximately three hours after this Court issued its order directing Plaintiff to respond to discovery, Plaintiff served amended responses to Tyler's discovery requests. In her amended responses, Plaintiff:

- refuses to answer requests in violation of this Court's Order;

- refuses to produce any documents;

- claims that she does not remember information she previously objected to producing;

- states that she cannot produce relevant evidence that could defeat her claims because she has destroyed it during this litigation; and

- for the remaining requests, provides vague, deficient responses that lack any details.

Plaintiff's improper conduct extends beyond her violation of this Court's Order, however.

On June 13, 2025, Plaintiff copied undersigned counsel on the following email to the Durham County Sheriff's Office:



A copy of this email is attached to this brief as Exhibit A. Plaintiff omits from the email that the undersigned are lawyers and that the requests are part of discovery in an ongoing civil litigation she filed.

Instead of engaging in litigation in good faith, Plaintiff has spent her time filing frivolous motions, obstructing discovery, subpoenaing state employees for improper and irrelevant information (including documents this Court has already ordered she is not entitled to), and sending harassing and threatening communications to undersigned counsel and third parties (samples of which are attached as Exhibit B). Plaintiff's failure has prejudiced Tyler by preventing Tyler from being able to gather the facts and information needed as part of its defense of the case.

Plaintiff's failure to engage in litigation in good faith warrants dismissal, and Tyler respectfully requests that the Court dismiss Plaintiff's complaint with prejudice.

## BACKGROUND

### A. Plaintiff's Failure to Comply with this Court's Order on Tyler's Motion to Compel.

This motion is the culmination of Plaintiff's refusal to engage in discovery in a lawsuit she filed. The first part of this story is detailed in Tyler's briefs in support of its motion to compel discovery. (*See* ECF No. 41, 45). Tyler continues the story below.

On May 12, 2025, Tyler filed its Motion to Compel Discovery Responses. (ECF No. 40). Tyler moved Plaintiff to respond to multiple discovery requests and to produce documents to support her claims. (*See id.*).

Plaintiff's original responses objected to many of Tyler's discovery requests and were otherwise insufficient.

On May 24, 2025, while Tyler's motion to compel was pending, Plaintiff served supplemental responses to Tyler's Interrogatories No. 2, 7, 10, 11, and 12; and Tyler's Requests for Documents No. 1 and 7. Plaintiff's supplemental responses withdrew some of Plaintiff's objections. However, Plaintiff's supplemental responses were vague and did not identify or describe any information. For many responses, Plaintiff simply claimed she did not remember information. Plaintiff's May 24, 2025, supplemental responses are attached as Exhibit C to this brief.

At 10:20 am on June 5, 2025, counsel for Tyler emailed Plaintiff a letter describing why her May 24, 2025, supplemental responses were incomplete. A copy of Tyler's June 5, 2025, letter is attached as Exhibit D to this brief.

Later that same day, this Court issued its Order on Tyler's motion to compel. (ECF No. 47). The Court's Order granted Tyler's motion, directed Plaintiff to respond to discovery, and provided detailed instructions on how Plaintiff could comply with her discovery obligations. (*See id.*).

At 1:08 pm on June 5, 2025, counsel for Tyler forwarded the Court's Order to Plaintiff. At 4:27 pm—just over three hours later—Plaintiff emailed her unsigned amended responses to Tyler's Interrogatories No. 2, 7, 10, 11,

-4-

12, 13 and 14; Tyler's Document Requests No. 1, 7, and 9; and Tyler's Requests for Admission 4, 5, 6, and 7. Plaintiff emailed counsel for Tyler signed copies of her responses later the same day. Plaintiff's June 5, 2025, amended responses are attached as Exhibit E to this brief.

Plaintiff's June 5, 2025, responses violate this Court's Order, ECF No. 47.

On June 10, 2025, at 3:52 pm, counsel for Tyler emailed Plaintiff another letter explaining why her June 5, 2025, responses remained deficient and violated the Court's order on the motion to compel. Tyler's counsel also asked Plaintiff to respond with her availability for a telephone conference to discuss her responses. A copy of Tyler's June 10, 2025, letter is attached as Exhibit F to this brief.

In response, on June 10, 2025, at 5:30 pm, Plaintiff emailed counsel for Tyler her further amended responses to Tyler's Interrogatories No. 2, 7, 10, 11, 12, 13 and 14; and Tyler's Requests for Production No. 1, 7, and 9. These responses did not meaningfully amend Plaintiff's June 5, 2025, responses. Plaintiff's June 10, 2025, responses are attached as Exhibit G to this brief.

On June 12, 2025, counsel for Tyler and Plaintiff participated in a telephonic discovery conference pursuant to Local Rule 37.1(a).

On June 12, 2025, Plaintiff emailed counsel for Tyler amended responses to Tyler's Interrogatories No. 2, 7, 10, 11, 12, 13 and 14; and Tyler's Document Requests No. 1, 7, and 9. These responses did not meaningfully amend Plaintiff's June 10, 2025, responses. Plaintiff's June 12, 2025, responses are attached as Exhibit H to this brief.

**B.    Plaintiff's Additional Sanctionable Conduct.**

While Plaintiff's continued refusal to engage in discovery would warrant dismissal on its own, Plaintiff has engaged in other sanctionable conduct warranting dismissal.

On May 27, 2025, Tyler served its Second Set of Requests for Production of Documents to Plaintiff. Tyler's Second Set of Requests for Production of Documents consisted of two requests:

> **REQUEST NO. 10.**    Produce copies of any reports, criminal history records, Communications, or any other Documents that You have received from the North Carolina State Bureau of Investigation, including but not limited to Your criminal history report, Your North Carolina state fingerprint-based criminal history background check known as a "Right to Review," and Your national fingerprint-based criminal history background check known as an "Identity History Summary Check."

> **REQUEST NO. 11.**    Produce any Documents or Communications you have received from any North Carolina state department or agency related to the Criminal Cases (as defined below).

Tyler's Second Set of Requests for Production of Documents to Plaintiff are attached as Exhibit I to this brief.

On May 27, 2025, approximately 20 minutes later, Plaintiff emailed Tyler her responses to Tyler's Second Set of Requests for Production of Documents. Plaintiff served signed copies of her responses approximately an hour later. Plaintiff's signed responses to Tyler's Second Set of Requests for Production of Documents to Plaintiff are attached as Exhibit J to this brief.

Plaintiff's response to Request for Production No. 10 states that "I do not have anything. I opted out of requesting anything from the NC SBI." Exhibit J.

Plaintiff's response to Request for Production No. 11 states: "I do not have anything." Exhibit J.

These responses directly contradicted Plaintiff's prior verified discovery responses, wherein she stated that she "requested a statewide background check from the NC SBI to prove the Defendant is lying about their claims." (ECF No. 40-6 at 5, 6; *see also id.* at 4, 13). Because of this inconsistency, on June 12, 2025, undersigned counsel served notice on Plaintiff that Tyler intended to issue a subpoena to the North Carolina State Bureau of Investigation ("NC SBI") for any documents or reports relating to Plaintiff, as well as any communications between the bureau and Plaintiff. Tyler then

served the subpoena on the NC SBI.  A copy of the notice and subpoena are attached as Exhibit K to this brief.

Following Tyler's notice, Plaintiff began sending harassing emails to Tyler's litigation counsel.  A copy of Plaintiff's emails to undersigned counsel are attached as Exhibit L to this brief.

These communications culminated with a June 13, 2025, email to the police chief of Durham County copying undersigned counsel.  Exhibit A.  In that email, Plaintiff stated that she wished to "file an investigative report" against undersigned counsel for Tyler for "intentionally harassing and tormenting [Plaintiff] via email with no legitimate purpose."  Exhibit A.  Nowhere does Plaintiff acknowledge that the undersigned are litigation counsel in this case or that the emails she references were related to discovery in this litigation.  *See* Exhibit A.

## ARGUMENT

Courts have the inherent authority to dismiss an action when "a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

Federal Rule of Civil Procedure 41(b) allows a court to dismiss an action if the plaintiff fails to comply with the rules of civil procedure or a court order. *Attkisson v. Holder¸* 925 F.3d 606, 625 (4th Cir. 2019).

Rule 37(b)(2)(v) also allows a court to dismiss an action if the plaintiff fails to obey an order of the court to provide or permit discovery.

While pro se plaintiffs are afforded some deference, a pro se plaintiff is still required to comply with the rules and court orders. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989).

Here, Plaintiff has violated this Court's Order compelling her to provide and permit discovery and has otherwise abused the judicial process.

### A. Plaintiff has violated the Court's Order on Tyler's Motion to Compel.

Plaintiff's discovery responses directly violate this Court's Order. Plaintiff makes no effort to comply with the Court's directions, provide meaningful responses to any of Tyler's discovery requests, and she has refused to produce a single document.

### 1. Plaintiff's Responses to Interrogatory No. 2 and Document Request No. 1.

Tyler's Interrogatory No. 2 and Document Request No. 1 seek information relating to Plaintiff's alleged damages, including from loss of

employment, medical expenses, and reputational harm. (ECF No. 40-2 at 15, 29-30).

The Court ordered that "[f]or any damages" Plaintiff seeks "beyond presumed reputational damages, Plaintiff is directed to **explicitly quantify their numerical value (including any alleged costs and expenses) and to disgorge all facts, information, documentation, and other evidence in [your] possession or otherwise readily obtainable by [you] in support of said quantification**." (ECF No. 47 at 20, 29 (emphasis added)).

Plaintiff's amended response to Interrogatory No. 2 states that, in addition to presumed damages, Plaintiff has suffered anxiety, disrupted sleep patterns, and brain fogginess; she is in the process of applying for FMLA leave from her job; she has ongoing medical treatment; she has suffered from emotional distress; and she was denied "a total of $260,000,000 in private business contracts for employment due to these criminal cases appearing Odyssey." Exhibit H.

Plaintiff also told undersigned counsel in an email that she would not be producing any information relating to her alleged lost business contracts because they were confidential. A copy of this email is attached as Exhibit M to this brief.

Plaintiff's supplemental response to Document Request No. 1 states that Plaintiff has (1) no information or documentation related to her alleged damages that is "readily available" to her; (2) her medical treatment is ongoing; and (3) her psychiatrist does not write notes. Exhibit H.

Plaintiff's responses are deficient and violate this Court's order. (ECF No. 47 at 20, 29). Plaintiff does not identify any facts, documentation, or other information to support any of her damages claims. Nor does her response attempt to quantify the numerical value of any of her alleged damages. And Plaintiff has not produced a single document to support her alleged damages.

Moreover, to the extent Plaintiff is refusing to comply with discovery because she contends the information is confidential, there is a Protective Order in this case, ECF No. 37. Indeed, the Court noted that Plaintiff is "free to designate information obtained and discussed during discovery as confidential under the existing Protective Order [(Docket Entry 37)], and free to challenge the admissibility of such information." (ECF No. 47 at 24).

Plaintiff's responses to Interrogatory No. 2 and Document Request No. 1 violates this Court's Order. (ECF No. 47 at 29).

### 2. Plaintiff's Responses to Interrogatories No. 7 and 11.

Interrogatories No. 7 and 11 ask Plaintiff to identify all addresses where she resided from 1998 through 2002 and her prior criminal record, respectively. (ECF No. 40-2 at 31-32).

The Court has ordered Plaintiff to respond to Interrogatories No. 7 and 11, to provide the requested information, and has "given explicit directions on how to do so." (ECF No. 47 at 20-26, 29).

Plaintiff's amended responses to these discovery requests replace her objections with assertions that she cannot remember any responsive information. Exhibit H.

First, this response is not credible. Second, Plaintiff provides no explanation why her prior residences and criminal record is information not readily available to her. Given that Plaintiff served her responses within a few hours of being ordered to do so, it is evident that Plaintiff made no good-faith effort to respond to these discovery requests or identify responsive information.

Plaintiff's response to Interrogatories No. 7 and 11 violate this Court's Order. (ECF No. 47 at 29).

### 3. Plaintiff's response to Interrogatory No. 10 and Document Request No. 7.

Interrogatory No. 10 and Document Request No. 7 ask Plaintiff to identify her past and present employment from 1998 to the present and to produce documents to show her employment history, earnings, and income. (ECF No. 40-2 at 18, 32).

The Court ordered Plaintiff to: "either (1) admit RFAs 4 and 5, and amend [your] objections to Interrogatory 10 and RFP 7 by stating that [you] suffered no employment-related expenses, costs, or damages; or **(2) deny RFAs 4 and 5; amend [your] objections to Interrogatory 10 and RFP 7 by stating that [you have] suffered employment-related expenses; support that response by explicitly quantifying the numerical value of any employment-related alleged expenses, costs, and/or damages; and disgorge all facts, information, documentation, and other evidence in [your] possession or otherwise readily obtainable by [you] in support of said quantification.**" (ECF No. 47 at 20 (emphasis added)).

Plaintiff's amended responses to RFAs 4 and 5 deny those RFAs. Exhibit E. But that is where Plaintiff's compliance with the Court's Order ends.

-13-

Plaintiff first responds that she cannot remember <u>any</u> past employment or earnings. Exhibit H. This response is neither credible nor does it satisfy Plaintiff's discovery obligations. Plaintiff's employment records are readily available to her, and it is clear Plaintiff has made no effort to identify or collect this information.

Plaintiff next responds that she does not feel comfortable identifying her current employer and employment-related expenses. Exhibit H. Plaintiff cannot withhold information that this Court has already ordered her to produce based on unfounded accusations towards undersigned counsel. This violates the Court's Order compelling Plaintiff to respond to these discovery requests. (ECF No. 47 at 20, 29).

Finally, Plaintiff now appears to be attempting to avoid responding to these discovery requests by arguing that "*<u>As of June 10 2025,</u>* I have not suffered employment-related expenses relating to my full-time employer." Exhibit H. First, this response does not relieve Plaintiff of her obligation to comply with the Court's Order and respond to relevant discovery. Tyler is entitled to this information. Second, Plaintiff claims that she is seeking damages for FMLA leave from her current job. *Id.* Third, Plaintiff has denied RFAs 4 and 5. Exhibit E. Thus, Plaintiff is still claiming alleged damages from her current employment, and her responses are deficient.

Plaintiff's responses to Interrogatory No. 10 and Document Request
No. 7 violate this Court's Order. (*See* ECF No. 47 at 20-22, 29).

### 4. Plaintiff's Response to Interrogatory No. 12.

Interrogatory No. 12 asks Plaintiff to identify and describe all prior
lawsuits or other legal actions brought by her, on her behalf, or where she
has been a plaintiff. (ECF No. 40-2 at 33). The Court held that this
information is "relevant and discoverable," and ordered Plaintiff to either
deny that she has incurred litigation-related costs or damages or quantify the
costs and disgorge all information relating to them. (ECF No. 47 at 21 & n. 5,
29).

Plaintiff refuses to identify her litigation history. Exhibit H. Her most
recent response states that she has not suffered any litigation-related costs or
damages. *Id.* This response may comply with some of the Court's Order, but
Plaintiff's response ignores that her litigation history is relevant and
discoverable. (*See* ECF No. 47 at 21 & n. 5, 29). Moreover, this response
contradicts Plaintiff's response to RFA No. 3, wherein Plaintiff denies that
she has no legal costs. (ECF No. 40-6 at 18).

Therefore, Plaintiff's response to Interrogatory No. 12 violates this
Court's Order. (ECF No. 47 at 29).

### 5. Plaintiff's Response to Interrogatory No. 13.

Interrogatory No. 13 asks Plaintiff to identify all persons she contends have viewed the Criminal Cases in Odyssey. (ECF No. 40-2 at 33).

The Court has ordered Plaintiff to "identify each person and/or category of persons she contends has viewed her criminal cases in Odyssey, and to disgorge all facts, information, documentation, and other evidence in her possession or otherwise readily obtainable by her in support of said identification." (ECF No. 47 at 21).

Plaintiff first responded that she was unable "to remember all persons she contend [sic] have viewed the criminal cases in Odyssey outside of the people she recently named." Exhibit E. Her amended response identifies one person who allegedly viewed her criminal files. Exhibit H.

This response is insufficient and conflicts with Plaintiff's other responses. For example, Plaintiff alleges that she has lost $260 million worth of business contracts as a result of the criminal files appearing in Odyssey. Exhibit H. But Plaintiff does not identify a single person connected with those contracts. Plaintiff's response also conflicts with her prior response that identified "just a few" people who she contends have viewed the criminal cases. (ECF No. 40-6 at 8-9).

Plaintiff's response makes it clear that Plaintiff either has made no effort to answer this Interrogatory truthfully, or Plaintiff cannot identify any persons who have viewed these files because none exist. Her response to Interrogatory No. 13 violates this Court's Order. (ECF No. 47 at 29).

### 6. Plaintiff's responses to Interrogatory No. 14 and Document Request No. 9.

Interrogatory No. 14 asks Plaintiff to identify and describe all efforts she has taken to have any of her criminal charges or records expunged and the results of those efforts. (ECF No. 40-2 at 33). Document Request No. 9 asks for all documents and communications relating to the expungement of any of Plaintiff's criminal charges or records, including any expunction orders. (*Id.* at 18).

The Court ordered Plaintiff to comply with these discovery requests "**by identifying and describing in detail all efforts Plaintiff has taken to have any of her criminal charges or records expunged and whether those charges or records were expunged and by producing all documents and communications relating to the expungement of any of Plaintiff's criminal charges or records, including any expunction orders**." (ECF No. 47 at 24, 29 (emphasis added)).

Plaintiff has responded that (1) she does not remember any details of her expunction; (2) she has no documents relating to her expunction; and (3)

-17-

the reason she has no documents is because she destroyed them all during this litigation. Exhibit H.

First, this response violates the Court's Order. Second, Plaintiff's claim that she has no documents relating to her expunction is insufficient given: (1) it is evident she has made no effort to obtain any responsive documents, and (2) she admits that she destroyed relevant discovery that was in her possession.

Plaintiff's response to Interrogatory No. 14 and Document Request No. 9 violates this Court's Order. (ECF No. 47 at 29).

\* \* \*

Plaintiff's discovery responses evidence that Plaintiff has not engaged in discovery in good faith, has violated this Court's Order despite the Court's clear instructions, and has prejudiced Tyler. This conduct warrants dismissal of this action.

## B. Dismissal is the appropriate sanction for Plaintiff's conduct.

Courts consider four factors when deciding whether to dismiss a case under Rule 37: (1) whether the plaintiff acted in bad faith; (2) the amount of prejudice caused to the defendant; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the effectiveness of sanctions less drastic

-18-

than dismissal. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir.1989).

Similarly, under Rule 41 courts consider: (1) the degree of plaintiff's responsibility in failing to respond; (2) the amount of prejudice to the defendant; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the existence of less drastic sanctions other than dismissal. *Atkisson*, 925 F. 3d at 625. The key inquiry under Rule 41 is "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Black v. New Jersey*, No. 7:IO-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011).

Because the standards for dismissal under Rules 37 and 41 are substantively similar, courts combine their analysis under the Rules. *McNulty v. Casero*, No. SAG-16-2426, 2020 WL 2556667, at *4 (D. Md. May 20, 2020). Whether dismissal is an appropriate sanction is within the court's sound discretion. *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

Here, Plaintiff has: (1) failed to comply with the Court's Order on Tyler's Motion to Compel, *supra* pp 9-17; (2) not made any good faith effort to collect documents to respond to Tyler's discovery, *supra* pp 4-6, 9-17; (3) used the litigation process to harass third parties and Tyler's litigation counsel,

-19-

*supra* pp 6-8, Exhibits B, L; and (4) filed a request for a criminal investigation against Tyler's litigation counsel, Exhibit A. This conduct warrants sanctions under both Rules 37 and 41. The gravity of Plaintiff's conduct in light of prior warnings and orders by this Court makes dismissal the only appropriate sanction.

All factors weigh in favor of dismissal with prejudice here.

### 1. Plaintiff is responsible for her conduct and has acted in bad faith.

Plaintiff bears sole responsibility for her failure to comply with this Court's Order, to respond to discovery, and her conduct towards undersigned counsel. *See Belk v. Smith*, No. 1:10CV724, 2015 WL 2194191, at *1 (M.D.N.C. May 11, 2015). Bad faith is evidenced by "noncompliance [or] haphazard compliance . . . [with] discovery orders." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 91-93. Plaintiff's failure to respond to Tyler's discovery requests or produce any documents during discovery constitutes bad faith. *Id.*; *Kiser v. Salisbury Police Dept.*, No. 1:14CV51, 2015 WL 3440839, at *3 (M.D.N.C. May 28, 2015).

Plaintiff's responses to Tyler's discovery requests make no good faith attempt to comply with the Court's Order, despite the Court's "explicit directions on how to do so." (ECF No. 47 at 20, 22, 29). For example, Plaintiff:

- fails to identify any specific facts or details to support any of her responses;

- claims she cannot remember the information requested;

- admits to destroying evidence;

- offers responses that contradict one other; and

- refuses to produce a single document.

Moreover, in serving her responses mere hours after being ordered to engage in discovery, Plaintiff demonstrates that she has not made and is not making any good faith attempt to prosecute her case or fulfill her discovery obligations.

Finally, Plaintiff has acted in bad faith through her abuse of the litigation process. As this Court has noted, Plaintiff has routinely misused the litigation process to levy personal attacks against Tyler's litigation counsel. (ECF No. 47 at 28). This Court has ordered Plaintiff to refrain from personal attacks on counsel three times. (ECF No. 18 at 12; Text Order, May 23, 2025; ECF No. 47 at 28). This Court cautioned Plaintiff that continued improper conduct towards undersigned counsel could result in dismissal of her claims for abuse of the litigation process. (Text Order, May 23, 2025; ECF No. 47 at 28). But barely a week after the Court's latest warning, (ECF No. 47 at 28), Plaintiff's renewed her improper conduct. *E.g.*, Exhibit L. And

Plaintiff has threatened and harassed third parties in relation to her discovery efforts in this case.  *See* Exhibit B.  But Plaintiff's bad faith is no clearer than in her recent attempt to initiate a criminal investigation against counsel for attempting to collect discovery.  Exhibit A.

Plaintiff has acted in bad faith throughout this lawsuit.  Plaintiff has disobeyed this Court, refused to provide Tyler with even basic discovery, and abused the litigation process.  This conduct warrants dismissal.  *See, e.g.,* *Belk*, 2015 WL 2194191, at *1-2; *Kiser*, 2015 WL 3440839, at *2-4; *LeCompte v. Manekin Constr. LLC*, 573 B.R. 187, 194-95 (D. Md. 2017) (finding plaintiff acted in bad faith warranting dismissal when he responded to discovery two weeks late); *Woods v. Wells Fargo Bank, N.A.*, No. 3:10-3160-SVH, 2012 WL 601872, at *4 (D.S.C. Feb. 3, 2012) (dismissing pro se plaintiff's complaint for violating court order on defendant's motion to compel).

### 2.  Plaintiff's conduct has prejudiced Tyler.

The purpose of discovery "is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth."  *Belk*, 2015 WL 2194191, at *1 (citing *Guilford Nat'l Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962).  Prejudice may result "from the haphazard manner of production and the incompleteness of the discovery, as well as from the uncertainty as to the

-22-

accuracy of information already provided." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 91.

To date, Plaintiff has not provided any meaningful discovery related to the case that she initiated. Instead, Plaintiff has argued that Tyler must prove its claims, that she doesn't have to prove her claims with evidence, and that everything will be decided by a jury. Discovery closes on June 27, 2025. (ECF No. at 2, ¶ 5). In four months of discovery, Plaintiff has refused to provide any details or information to explain the theory of her case or damages. And Plaintiff has not produced <u>a single</u> document in response to Tyler's discovery requests.

This conduct has hindered Tyler's ability to prepare its case. For example, Tyler has been unable to depose Plaintiff, because Tyler does not have any of the information that it would use to question Plaintiff. Tyler has also been unable to depose any of Plaintiff's potential witnesses, such as the individuals involved in her alleged $260 million lost contracts or her psychiatrist, because Plaintiff has not identified them.

Plaintiff's obstructive conduct has wasted the entire discovery period. Tyler has as much insight into Plaintiff's factual allegations today as it did when Plaintiff filed her complaint. By refusing to engage in discovery, Plaintiff has prejudiced Tyler's ability to prepare for this case. Instead,

Plaintiff would have Tyler proceed to trial ignorant of Plaintiff's supporting materials. *See Belk*, 2015 WL 2194191, at *1.

Tyler also has been forced to incur tens of thousands of dollars in legal expenses defending against Plaintiff's frivolous claim, trying to obtain discovery from Plaintiff, and responding to Plaintiff's many attacks. Tyler should not be forced to incur even more legal expenses.

Plaintiff's refusal to engage in discovery has prejudiced Tyler and warrant dismissal. *Id.*; *Fonseca v. Am. Red Cross*, No. 3:20-cv-00620-RJC-DCK, 2022 WL 3229971, at *3 (W.D.N.C. Aug. 10, 2022); *Kiser*, 2015 WL 3440839, at *3.

### 3. Plaintiff has proceeded in a dilatory manner.

Plaintiff's bad faith has wasted Tyler's time and this Court's time.

Discovery closes June 27, and Tyler still does not have a single document or supporting fact from Plaintiff. Failure to respond to discovery requests demonstrates that Plaintiff has proceeded in a dilatory manner. *See Kiser*, 2015 WL 3440839, at *2.

Plaintiff has also failed to follow the Rules of Civil Procedure and this Court's Local Rules, despite this Court's repeated warnings. This has resulted in unnecessary motion practice, which has further inhibited the progression of this case.

-24-

Plaintiff is not a first-time litigant and has a history of inhibiting the litigation process. *See, e.g.*, *Teasley v. O'Brien*, No. 1:24-CV-155, 2024 WL 2382383, at *6 (M.D.N.C. May 23, 2024). In prior actions, Plaintiff has engaged in conduct that resulted in warnings from the court. *Id.* For example, this Court has noted Plaintiff's habit of filing frivolous lawsuits and "using abusive language" in her filings in other cases. *Id.* Plaintiff's actions in past lawsuits have resulted in warnings that her conduct could result in dismissal. *Id.*

Plaintiff's pattern of disregard for this Court and Tyler is a waste of valuable time and resources that should not be tolerated further. *Fonseca*, 2022 WL 3229971, at *3.

### 4. There is no evidence that lesser sanctions would be effective or appropriate.

Dismissal is the only appropriate sanction.

In assessing whether dismissal is an appropriate sanction, a prior explicit warning that dismissal would result from failure to comply with a court order is "a critical fact." *Belk*, 2015 WL 2194191, at *2. Indeed, this Court has held that once a prior warning has been given, the court "has little alternative to dismissal." *Id.* (cleaned up). Any other sanction could "place the credibility of the court in doubt and invite abuse." *Ballard*, 882 F.2d at 95.

Plaintiff has been warned about her conduct in three Court orders in this case. And this Court has explicitly warned Plaintiff that failure to comply with the Court's orders could result in dismissal. (Text Order, May 23, 2025; ECF No. 47 at 28). Plaintiff has failed to heed those warnings. Instead, Plaintiff has only amplified her attacks on Tyler's litigation counsel. *See, e.g.*, Exhibits A, L.

Moreover, Plaintiff has demonstrated that lesser sanctions are not effective to deter her conduct. This Court has already ordered Plaintiff to respond to Tyler's discovery requests and granted Tyler fees for bringing its motion to compel. (*See* ECF No. 47). Despite the Court's Order and prior sanction, Plaintiff has made no good faith attempt to comply. Dismissal is appropriate on this basis. *E.g.*, *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (holding dismissal was appropriate when party refused to respond to discovery, violated court orders, and prior sanctions had no effect); *Fonseca*, 2022 WL 3229971, at *3.

Plaintiff has also admitted to destroying her expunction records during this litigation. Exhibit H. Not only does this violate the Federal Rules governing evidence and discovery, but this has irreparably prejudiced Tyler. As Tyler has already argued, this evidence could completely defeat Plaintiff's claims. (*See* ECF No. 41 at 8 (citing *Food Lion, Inc. v. Capital Cities/ABC,*

-26-

*Inc.,* 194 F.3d 505, 522 (4th Cir.1999)). Plaintiff has deprived Tyler of this key piece of evidence through her own actions and inaction. This evidence could also prove that Plaintiff has known or should have known that her lawsuit was frivolous since before she filed her complaint. Thus, this conduct also supports dismissal of this action.[1]

Finally, Plaintiff's egregious conduct towards third parties and Tyler's litigation counsel warrants dismissal. It is unclear what lesser sanction could prevent the Plaintiff from continuing her trend of harassment and threatening behavior during the discovery process.

Simply put, Plaintiff has demonstrated that she cannot be trusted to engage truthfully or civilly in litigation. Taking all of Plaintiff's conduct together, no lesser sanction than dismissal would be effective.

### 5. A pre-filing injunction may also be appropriate.

In addition to dismissal of the current case, a pre-filing injunction against Plaintiff may also be warranted. This Court previously has warned Plaintiff that if she continues her practice of filing frivolous lawsuits and using abusive language that a pre-filing injunction may be warranted.

---

[1] A negative inference may in some cases be the appropriate sanction for spoilation. *See E.E.O.C. v. Womble Carlyle Sandridge & Rice, LLP*, No. 1:13CV46, 2014 WL 37860, at *2-3 (M.D.N.C. Jan. 6, 2014). Here, however, that negative inference would mean Plaintiff has failed to state a claim.

*Teasley*, 2024 WL 2382383, at *5-6. Here, Plaintiff has made continuous threats of litigation against undersigned counsel; has made continuous threats of litigation against state employees; frivolously named a Tyler executive, Abigail Diaz, as a defendant; and taken other vexatious actions against Tyler, its counsel, and state employees. It appears that Plaintiff has not heeded this Court's prior warnings and that she may not going forward. A pre-filing injunction may be the only way to protect Tyler, its employees and its counsel.

### 6. Lesser sanctions are appropriate if the Court declines to dismiss Plaintiff's case.

Rule 37(b)(2) provides the court with discretion to issue any "further just orders" for a party's failure to comply with an order to provide or permit discovery. If the Court concludes that dismissal is not the appropriate sanction for Plaintiff's conduct at this time, Tyler requests that the Court issue an order providing that:

- Plaintiff is prohibited from putting forth any claim or evidence that she has a mental diagnosis or any other medical conditions resulting from the criminal files appearing in Odyssey;

- Plaintiff is prohibited from putting forth any evidence or testimony from her alleged psychiatrist;

- Plaintiff is prohibited from putting forth any claim or evidence that she has suffered any damages as a result of the criminal files appearing in Odyssey;

- Plaintiff is prohibited from putting forth any claim or evidence that anyone has viewed her criminal files in Odyssey;

- A negative inference against Plaintiff that she intentionally destroyed her expungement records and that those records embraced or related to the criminal files at issue in this case; and

- Any other relief that the Court deems appropriate.

Furthermore, if the Court denies Tyer's motion to dismiss, Tyler requests a ruling from the Court granting Tyler leave to take Plaintiff's deposition, as well as the deposition of any other individual whom Plaintiff may later identify, after the end of the discovery period. Such relief would be warranted in light of Plaintiff's refusal to provide any documents or information during discovery.

## **CONCLUSION**

For all of these reasons, Tyler respectfully requests that the Court grant Tyler's Motion to Dismiss.

Furthermore, Rule 37(a)(5)(A) requires the Court to award Tyler the reasonable fees it incurred in making the motion, including attorney's fees,

unless the Court finds Plaintiff's opposition to the motion was substantially justified or other circumstances make an award unjust. Here, Plaintiff's persistent refusal to produce any documents or respond to discovery requests seeking information relating to her alleged damages and other key information; improper conduct towards Tyler's litigation counsel and third parties; and spoilation of relevant evidence make an award of attorney's fees appropriate.

This 20th day of June, 2025.

s/Gregory L. Skidmore
Gregory L. Skidmore
N.C. Bar No. 35571
gskidmore@robinsonbradshaw.com

Garrett A. Steadman
N.C. Bar No. 55449
gsteadman@robinsonbradshaw.com

**ROBINSON, BRADSHAW & HINSON, P.A.**
600 South Tryon Street, Suite 2300
Charlotte, North Carolina 28202
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

*Attorneys for Defendant Tyler Technologies, Inc.*

-30-

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), I hereby certify that this brief contains fewer than 6,250 words (not counting the portions of the brief excluded by Local Rule 7.3(d)(1)) as reported by the word-processing software.

This 20th day of June, 2025.

<u>s/ Gregory L. Skidmore</u>
Gregory L. Skidmore

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing has been served on Plaintiff by first class mail, postage prepaid and electronic delivery addressed as follows:

Kenya Teasley
100 Tobler Court, Apt. 205
Durham, NC  27704
Kenya416@icloud.com

This 20th day of June, 2025.

s/ Gregory L. Skidmore
Gregory L. Skidmore