IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KENYA TEASLEY,                      )
                                    )
            Plaintiff,              )
                                    )
    v.                              )        1:24-CV-629
                                    )
TYLER TECHNOLOGIES, INC.,           )
                                    )
            Defendant.              )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The defendant, Tyler Technologies, Inc., moves to dismiss the plaintiff's complaint for failure to comply with a court order and abuse of the litigation process and for summary judgment. The plaintiff, Kenya Teasley, has also filed several motions. Because Ms. Teasley refuses to comply with a court order compelling discovery and has abused the litigation process, the motion to dismiss will be granted. In the alternative, because Ms. Teasley offered no evidence to support the allegations in her complaint, the motion for summary judgment will be granted. The complaint will be dismissed with prejudice.

I. The Facts

After preliminary proceedings streamlined Ms. Teasley's claims, *see generally* Doc. 18, her case went forward on her libel per se claim that "Tyler Technologies, Inc. published false and libelous information . . . in an internet website portal they created . . . that accuses [her] of committing the felony crime of Obtaining Property By False

Pretense on April 14, 1998 and August 25, 1998." Doc. 1 at p. 2 ¶ 1; *see* Doc. 18 at 9–10 (denying motion to dismiss libel per se claim based on this alleged publication). In her amended complaint, she repeated this allegation and added that Tyler "published that an arrest warrant was issued on April 17, 2001 for these crimes and that on October 17, 2001, the Plaintiff was indicted on related charges. All of this is a lie." Doc. 19 at p. 2 ¶ 1. She seeks damages of "one hundred billion dollars," plus punitive damages. *Id.* at p. 5 ¶¶ 1–2.

As is obvious from this brief recitation, Ms. Teasley's criminal history is at the center of this case, and she seeks very large damages. Tyler accordingly sought discovery on these matters. When Ms. Teasley did not provide responsive information, Tyler filed a motion to compel and for reasonable fees and expenses. Doc. 40.

On June 5, 2025, the Magistrate Judge granted the motion and ordered Ms. Teasley to respond to Tyler's discovery requests. Doc. 47 at 28–29. The Court also ordered her to pay the reasonable expenses incurred by Tyler in making the motion. *Id.* The Magistrate Judge warned Ms. Teasley that failure to comply could result in sanctions, including dismissal. *Id.* at 30.

Ms. Teasley did not object to the Magistrate Judge's order, but neither did she comply. While she purported to update her responses, those answers continued to provide no responsive information. She claimed her medical records were not readily available and otherwise asserted that she could not remember or that the information does
2

not exist or that it would be provided later.[1]  These untimely objections and non-answers do not satisfy the court order, and her factual assertions are not credible.  She failed to comply even though she had been sanctioned by having to pay Tyler's attorney fees, which it showed were approximately $8,400.  Doc. 48.[2]

Ms. Teasley has failed and refused to answer appropriate discovery.  She has failed and refused to comply with a court order requiring her to do so.

Ms. Teasley has also abused the litigation process.  Soon after discovery began, she filed a frivolous motion to recuse the Magistrate Judge, *see* Doc. 36, (denying motion at Doc. 29); filed a frivolous motion to compel even though she had not served any discovery on the defendant, Text Order 03/27/2025, (denying motion at Doc. 34); and objected to entry of a routine protective order directed to managing claims of confidential and personal information.  *See* Doc. 36 at 3–4.  She also filed "an irrelevant screed, consisting of scurrilous and unsupported allegations against defense counsel and confusing and implausible assertions about a conspiracy."  Text Order 05/23/2025.

---

[1] *See, e.g.*, Doc. 50-4 at 7–8 (post-order interrogatory answer asserting "she is not able to remember any past criminal charges against her"); *id.* at 2 (post-order RFP response that she is "consulting with her psychiatrist" and that "the loss of wages will definitely be provided before the trial starts."); Doc. 50-6 at 2 (post-order RFP answer asserting "This information is not readily available. The Plaintiff's medical treatment is ongoing. In addition, the Plaintiff's psychiatrist does not write office notes.").  Ms. Teasley also refused to provide information about her employment or her addresses during the relevant times, again despite the court order.  Doc. 47 at 25 (court order); Doc. 50-4 at 2–3, 7 (refusing to identify her current employer and asserting "she is not able to remember her past employment"); *see also id.* at 6 (asserting she is not able to remember her addresses).

[2] Ms. Teasley did not make any argument that the amount of the fee was unreasonable or that the fees were not incurred.  *See* Doc. 54.  Instead, she said she should not have to pay the fees because she would prevail on the merits of her libel claim.  *Id.*  The Court has not yet settled the amount of the attorneys' fees.

In response to some of these filings, the Court ordered Ms. Teasley "to refrain from personal attacks on defense counsel in any future filings and to confine her motions and briefing to the law and the facts relevant to the dispute at issue." *Id.* The Court specifically warned her that "[v]iolation of this Order can result in striking her filings and, if appropriate, other sanctions, which might include dismissal of her claims, for abusing the litigation process." *Id.*

Undeterred, Ms. Teasley has filed numerous paper writings which have no basis in law or fact. She has continued her abusive conduct towards defense counsel, expanded her unsupported assertions of conspiracies to include non-parties, and wasted the court's time and resources. By way of example only:

-- Ms. Teasley began sending harassing emails to defense counsel, Docs. 50-13, 50-14, full of nonsensical accusations that counsel had acted fraudulently and illegally.

-- On June 9, 2025, Ms. Teasley obtained a subpoena to a third party demanding production of an email thread between the third party and one of Tyler's lawyers "in September 2024 about Kenya Teasley and the publicly filed declaration (ECF 10-2)." Doc. 52-1. On June 23, 2025, Ms. Teasley filed "motions for contempt of court, to compel the production of documents, and sanctions," apparently directed to this third party, Doc. 52, even though the time for production of the requested documents had not passed. *See* Doc. 52-1 (subpoena requesting production on "06/25/2025 5:00 pm"). Ms. Teasley asserts that she received an "objection letter" in

4

response, Doc. 52 at 2, but she did not provide a copy to the Court. She does not explain why this email thread is relevant and the declaration she cites was not signed by the third party who was the subject of the subpoena. *Id.*

-- On June 23, 2025, Ms. Teasley filed a motion to compel information from defense counsel and for sanctions. Doc. 53. She asserted that she served a discovery request on Tyler on February 26, 2025, and that "[t]he Defendant's Counsel have refused to provide any of the requested information." *Id.* at 1. She did not file Tyler's response to the document request. Tyler has since filed its response, Doc. 57-2, and, as Tyler accurately points out, Tyler did agree to produce contracts the plaintiff requested. *Id.* at 7–8. Otherwise, the RFP asks for many documents and information in the control and custody of the Durham County Clerk of Court, not Tyler. *Id.* at 4–6. Litigants have no duty to collect documents from third parties not under their control during the discovery process.

-- On July 17, 2025, Ms. Teasley filed a motion to require defense counsel to produce an unfiled attachment to Exhibit A to one of Tyler's court filings. Doc. 72 (referencing Doc. 70-2). As Tyler accurately points out, Exhibit A is an email from the plaintiff herself, and its attachment is in the possession of Ms. Teasley; if she wished for the Court to view the attachment, she could have filed it. Doc. 76 at 2.

5

--	In all of these filings, Ms. Teasley continues to make confusing accusations against defense counsel without supporting evidence.

Finally, the record shows without dispute that Ms. Teasley has answered discovery requests dishonestly and has attempted to mislead the Court. In response to a discovery request from Tyler, Ms. Teasley said that she does not have any records related to her criminal history and that she destroyed her expunction records. Doc. 50-9 at 4, 10, 12. In response to a later discovery request, Ms. Teasley said that she did not have any criminal history records or other documents from the North Carolina State Bureau of Investigation, Doc. 50-11, and told the Court that "she decided not to request any type of report from the NC SBI." Doc. 55 at 6. But records from the SBI show that Ms. Teasley did, in fact, request criminal history records from the SBI and that she received those records. Doc. 60-3 at 19.

Ms. Teasley tells the Court that the email correspondence with the SBI was sent by "her former live-in assistant" without her knowledge. Doc. 67 at 2. She does not provide the name of this person, and none of her factual assertions are submitted under penalty of perjury. Doc. 67. Even if the court considered these unsworn assertions in a brief, her recitation of the facts is confusing and her denial of responsibility for these emails is not credible.

## II. Evaluation

Under Rule 37(b) of the Rules of Civil Procedure, a court may impose sanctions for a plaintiff's failure to obey a discovery order and these sanctions can include dismissal. Fed. R. Civ. P. 37(b)(2)(A)(v). Under Rule 41(b) of the Rules of Civil

6

Procedure, a court can dismiss an action "[i]f the plaintiff fails . . . to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Finally, courts have the inherent authority to dismiss a case for abuse of the litigation process. *See, e.g.*, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).

Here, the Court ordered Ms. Teasley to fully respond to document requests and interrogatories about her damages, her address, and her criminal history and explicitly warned her that failure to comply with this or any other court order "may result in further sanctions, including . . . dismissing the action or proceeding in whole or in part." Doc. 47 at 30. Despite this order and warning, Ms. Teasley has not answered the discovery. Thus, dismissal as a sanction may be considered under both Rule 41(b) and Rule 37(b), and it may be imposed for abuse of the litigation process if appropriate in light of the relevant circumstances.

Dismissal is the most serious of sanctions. There is a "strong policy that cases be decided on the merits." *Shaffer Equip. Co.*, 11 F.3d at 462. So, before dismissing a case with prejudice as a sanction for violation of a court order, for abuse of the litigation process, or for failing to comply with a discovery order, courts must consider a number of factors. Whether evaluating the matter under Rule 37 or Rule 41(b), the factors are similar. *See, e.g., Williams v. Circle K Stores, Inc.*, No. 23-CV-790, 2024 WL 3964926, at *11 (M.D.N.C. Aug. 27, 2024) (Mag. J., recommended opinion), *adopted* No. 23-CV-790, Doc. 43 (M.D.N.C. Sept. 24, 2024); *McNulty v. Casero*, No. 16-CV-2426, 2020 WL 2556667, at *4 (D. Md. May 20, 2020) (Mag. J., memorandum opinion and order).

7

The factors set forth in *Shaffer Equip. Co.*, "[are] designed to evaluate the appropriateness of [the] . . . dismissal of a party's action" under Rule 37(b)(2)(A)(v). *Smith v. Devine*, 126 F.4th 331, 342–43 (4th Cir. 2025). They are also applied routinely when considering whether to dismiss in the court's inherent authority; *Shaffer* itself involved dismissal for violation by an attorney of the duty of candor. *Shaffer Equip. Co.*, 11 F.3d at 462.

The *Shaffer* factors require consideration of:

> (1) the degree of wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by [their] attorney, . . . (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Id.* at 462–63. To determine whether noncompliance with a court order warrants dismissal under Rule 41(b), courts generally consider similar factors: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

**A. The Degree of Ms. Teasley's Culpability and Blameworthiness**

Ms. Teasley is representing herself, and she is solely responsible for her actions in this case. She has offered no credible or valid reasons for her failure to comply with the discovery order that would mitigate or reduce her culpability and personal responsibility. "Pro se litigants are entitled to some deference from courts. But they as well as other

8

litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard,* 882 F.2d at 96 (cleaned up). These factors weigh in favor of dismissal.

### B. The Prejudice to Tyler, the Judicial Process, and the Administration of Justice

Ms. Teasley's failure to comply with court orders has significantly prejudiced Tyler and the judicial process. She has accused Tyler of making false accusations about her criminal record, Doc. 19 at 2 ¶ 1, yet she refuses to provide any evidence to support her contentions about her criminal record. Docs. 50-4, 50-6, 50-8, 50-9, 50-11. She seeks 100 billion dollars in damages, Doc. 19 at 5 ¶ 1, yet she refuses to provide even the name of her psychiatrist, much less any documentation of lost wages or medical issues. Doc. 50 at 27; Docs. 50-4, 50-6, 50-8, 50-9. Tyler's efforts to defend itself are undermined by this noncompliance, especially since Ms. Teasley affirmatively wants to leave the door open to providing much of this information later.

Ms. Teasley's noncompliance has disrupted the judicial process. Her filings are little more than stream-of-consciousness accusations, based on nothing more than her personal opinion and with no supporting evidence. *See* Docs. 14, 24, 26, 29, 33, 34, 39, 42, 43, 46, 52 through 55, 64, 65, 67, 69, 71 through 73, 75, 77. Both the Magistrate Judge and the District Court have expended resources on this case, repeatedly dealing with Ms. Teasley's outrageous and unsupported accusations and her unwillingness to herself follow court rules and orders. She has undermined the administration of justice by making false and malicious accusations against defense counsel and actors in state

9

government and by attempting to mislead both Tyler and the Court by making affirmative misrepresentations about whether she sought and possesses information from the SBI about her criminal record. These factors weigh in favor of dismissal.

## C. The Availability of Other Sanctions

The Court has already attempted to encourage Ms. Teasley to comply with court orders, warned against noncompliance, and further discouraged noncompliance by imposing sanctions. Doc. 18 at 12; Text Order 05/23/2025; Doc. 47 at 30. The Court has ordered Ms. Teasley "to refrain from name-calling and personal attacks on counsel" and warned that any future filings including such attacks could be stricken. Doc. 18 at 12. In a later order, the Court repeated the warning against personal attacks and instructed that violation could result in "dismissal of her claims, for abusing the litigation process." Text Order 05/23/2025. In compelling her to respond to discovery, the Court warned that if she did not comply dismissal was a possibility and it imposed a financial sanction for her failure to comply with the discovery rules. Doc. 47 at 30.

Despite the warnings and the sanction, Ms. Teasley did not comply with the court order. She continues to file motions and paper writings with unsupported accusations against defense counsel and various state employees. She repeatedly offers incredible excuses for her misconduct. This ongoing misbehavior makes it highly unlikely that a lesser sanction would be effective. This factor weighs in favor of dismissal.

## D. The Public Interest

Ms. Teasley's unjustified refusal to comply with reasonable discovery requests and with a court order and her ongoing abuse of the litigation process have required

10

significant court oversight and attention. That is time the Court could have spent on other cases where litigants complied with the governing rules. The public has an interest in seeing that court resources are used efficiently and effectively.

There is also a significant public interest in maintaining the dignity and trustworthiness of court proceedings. If a litigant routinely flaunts the rules and then affirmatively attempts to mislead the Court, the public interest supports dismissal. "[W]hen a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice . . . the court has the inherent power to dismiss the action." *Shaffer Equip. Co.*, 11 F.3d at 462; *accord Ballard*, 882 F.2d at 96 (noting on similar facts that any course other than dismissal "place[s] the credibility of the court in doubt and invite[s] abuse."). This factor supports dismissal.

### E. Conclusion

Ms. Teasley brought this case, asserting a number of claims that were dismissed for failure to state a claim. The Court allowed her to proceed on the libel claim that Tyler had accused her of committing a felony. Instead of taking advantage of this opportunity, Ms. Teasley has ignored her discovery obligations and disregarded a court order, even after she was warned that dismissal could result from her misconduct and even after a financial sanction was ordered. This alone supports dismissal.

There is more. As detailed *supra*, Ms. Teasley has repeatedly made unfounded accusations against others, seeing conspiracies everywhere without providing any evidence. She has attempted to mislead the Court. She has filed frivolous motions. Ms. Teasley's dishonesty in discovery responses and to the Court by itself justify dismissal

with prejudice, and when coupled with her other abuses of the litigation process makes dismissal the only realistic sanction.

All of the factors favor dismissal. Ms. Teasley offers no countervailing considerations beyond her own unsupported opinions. The motion to dismiss for violation of a court order, violation of a discovery order, and abuse of the litigation process will be granted.

### III.     Summary Judgment

In the alternative, summary judgment for Tyler is appropriate. At the most basic level and among other gaps in her proof, Ms. Teasley has offered no evidence that Tyler accused her of a felony.

"In North Carolina, to make out a prima facie case for defamation, the plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation." *Cannon v. Peck*, 36 F.4th 547, 559 (4th Cir. 2022) (cleaned up) (quoting *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006)). As noted *supra*, Ms. Teasley alleged in the complaint that Tyler published a false statement to third parties, knowing it was false, that she had committed the crimes of obtaining property by false pretenses. Doc. 1 at 2 ¶¶ 1–2; Doc. 19 at 2 ¶¶ 1–2.

Tyler's uncontroverted evidence shows that it has done none of these things. Its evidence establishes that Tyler makes official North Carolina court records available online pursuant to a contract with the North Carolina Administrative Office of the Courts, and that it does not create, nor can it alter, the criminal history information it makes

available online.  *See, e.g.*, Doc. 62-2 at ¶¶ 7, 12–15; Doc. 62-3 at ¶¶ 6–7.  These records show that Ms. Teasley was charged with two counts of Obtaining Property by False Pretenses.  Doc. 62-3 at 11–14; Doc. 62-5 at 15–16, 18–19.  Even if Tyler did somehow publish this information, it would share the privilege applicable to statements made in connection with judicial proceedings.  *See generally R.H. Bouligny, Inc. v. United Steelworkers of Am., AFL-CIO*, 270 N.C. 160, 170–71, 154 S.E.2d 344, 354 (1967).  There is no evidence that Tyler altered the records about Ms. Teasley.

Nor is there evidence that the statement at issue is false.  Ms. Teasley has alleged that Tyler said she twice committed the felony of obtaining property by false pretenses, Doc. 19 at 2 ¶ 1, but she has offered no evidence that Tyler published any such statements.  The only published information before the Court states that Ms. Teasley was twice charged with obtaining property by false pretenses.  Doc. 62-3 at 11–14; Doc. 62-5 at 15–16, 18–19.  Accurately reporting that a person has been charged with a crime is not libelous.  *See, e.g.*, *Brown v. Boney*, 41 N.C. App. 636, 647–48, 255 S.E.2d 784, 791 (1979) (noting that the defamatory statements must be false in order to be actionable).  Although Ms. Teasley claims in her response brief that the "charges were never filed or dismissed by any district attorney in Durham County" she provides no evidence to support that claim.  Doc. 69 at 2.

The moving party has the initial burden of demonstrating the absence of any material issue of fact.  *Bandy v. City of Salem*, 59 F.4th 705, 709 (4th Cir. 2023).  Tyler has done that here.  In order for her case to go forward to trial, Ms. Teasley must come forward with evidentiary material demonstrating the existence of a genuine issue of

13

material fact requiring a trial. *Id.* at 709–10; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). She has not done so, and summary judgment is appropriate.

### IV. Other Matters

Ms. Teasley has filed a number of other motions. They are all frivolous and will be denied.

It is **ORDERED** that:

1. The defendant's motion to dismiss, Doc. 49, is **GRANTED.**
2. The defendant's motion for leave to submit additional evidence, Doc. 60, is **GRANTED**.
3. The defendant's motion for summary judgment, Doc. 61, is **GRANTED**.
4. The plaintiff's motion for contempt of court, Doc. 52, is **DENIED**.
5. The plaintiff's motion to compel information and documents from the defendant's counsel, Doc. 53, is **DENIED**.
6. The plaintiff's motion to produce email, Doc. 72, is **DENIED**.
7. Judgment will be entered separately.

This the 13th day of August, 2025.

_____
UNITED STATES DISTRICT JUDGE